1  WILLARD K. TOM
   General Counsel
2  ROBERT J. SCHROEDER
   Regional Director
3  MARY T. BENFIELD
   MIRY KIM
4  Federal Trade Commission
   915 Second Ave., Suite 2896
5  Seattle, WA 98174
   Telephone:  (206) 220-6350
6

7
                    **UNITED STATES DISTRICT COURT**
8
                  **EASTERN DISTRICT OF WASHINGTON**
9

10  FEDERAL TRADE COMMISSION,              Civil No.  CV-10-148-LRS

11                 Plaintiff,

12           v.                            ***EX PARTE* TEMPORARY
                                           RESTRAINING ORDER
13  ADVANCED MANAGEMENT                    WITH ASSET FREEZE,
    SERVICES NW LLC, also d.b.a. AMS       APPOINTMENT OF
14  Financial, Rapid Reduction Systems, and TEMPORARY
    Client Services Group, a Washington    RECEIVERS,
15  limited liability company;             IMMEDIATE ACCESS TO
                                           BUSINESS PREMISES,
16  PDM INTERNATIONAL, INC., also d.b.a.   LIMITED EXPEDITED
    Priority Direct Marketing International, DISCOVERY, AND AN
17  Inc., a Delaware corporation;          ORDER TO SHOW CAUSE
                                           WHY A PRELIMINARY
18  RAPID REDUCTION SYSTEM'S LLC, a        INJUNCTION SHOULD
    Delaware limited liability company;    NOT ISSUE
19
    Ryan D. Bishop;
20
    Michael L. Rohlf; and
21
    William D. Fithian,
22
                   Defendants.
23

24

25

26

27

28

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

## TABLE OF CONTENTS

DEFINITIONS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONDUCT PROHIBITIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.    Prohibition Against Misrepresentations of Material Facts and Violations of the Telemarketing Sales Rule. . . . . . . . . . . . . . . . . 5

    II.    Prohibition Against Failing to Disclose Material Refund Condition. 7

    III.    Customer Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ASSET PROVISIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    IV.    Asset Freeze. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    V.    Duties of Third Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    VI.    Repatriation of Assets and Documents. . . . . . . . . . . . . . . . . . . 12

RECORD KEEPING PROVISIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    VII.    Financial Statements and Accounting.. . . . . . . . . . . . . . . . . . . . 13

    VIII.    Records Maintenance and New Business Activity. . . . . . . . . . . . 15

RECEIVERSHIP PROVISIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    IX.    Appointment of Temporary Receivers. . . . . . . . . . . . . . . . . . . 16

    X.    Access to Receivership Defendants' Business Premises. . . . . . . . 16

    XI.    Receivership Duties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    XII.    Cooperation With The Temporary Receivers. . . . . . . . . . . . . . . 22

    XIII.    Delivery of Receivership Property. . . . . . . . . . . . . . . . . . . . . . 24

    XIV.    Transfer of Funds to the Temporary Receivers. . . . . . . . . . . . . 25

    XV.    Collection of Receivership Defendants' Mail.. . . . . . . . . . . . . . . 25

    XVI.    Stay of Actions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

    XVII.    Compensation of Temporary Receivers. . . . . . . . . . . . . . . . . . . 28

    XVIII.    Temporary Receivers' Bond/Liability. . . . . . . . . . . . . . . . . . . . 28

    XIX.    Withdrawal of Temporary Receivers . . . . . . . . . . . . . . . . . . . . 29

ORDER TO SHOW CAUSE AND RELATED PROVISIONS. . . . . . . . . . . . 29

    XX.    Order to Show Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

XXI.    Expedited Discovery. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

XXII.   Motion for Live Testimony; Witness Identification    . . . . . . . . 31

XXIII.  Service of Pleadings, Memoranda, and Other Evidence.  . . . . . . . . 32

XXIV.   Service of this Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

XXV.    Expiration Date of Temporary Restraining Order. . . . . . . . . . . . . 33

XXVI.   Distribution of Order by Defendants. . . . . . . . . . . . . . . . . . . . . . . . 33

XXVII. Consumer Reporting Agencies. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

XXIX.   Retention of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Plaintiff, Federal Trade Commission ("FTC" or "Commission"), having filed its Complaint for a Permanent Injunction and Other Equitable Relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57b, and having moved for an *ex parte* Temporary Restraining Order and other relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65, and the Court having considered the complaint, declarations, exhibits, and memorandum of law filed in support thereof, and now being advised in the premises, finds that:

1.     This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over the defendants.

2.     Venue lies properly with this Court.

3.     There is good cause to believe that Advanced Management Services NW, LLC, also d.b.a. AMS Financial, Rapid Reduction Systems, and Client Services Group; PDM International, Inc., also d.b.a. Priority Direct Marketing International; Rapid Reduction System's LLC, a Delaware limited liability company; Ryan Bishop; Michael Rohlf; and William D. Fithian  (collectively referred to as "Defendants") have engaged in, and are likely to engage in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), as well as various provisions of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and that the Commission is therefore likely to prevail on the merits of this action.

4.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets or corporate records unless Defendants are immediately restrained and enjoined by Order of this Court.  There is thus good cause for an asset freeze, the appointment of one temporary receiver over corporate defendants Advanced Management Services NW LLC and Rapid Reduction System's LLC and another temporary receiver over PDM International, Inc.

TEMPORARY RESTRAINING ORDER          1

5.     There is good cause for relieving Plaintiff of the duty to provide Defendants with prior notice of Plaintiff's motion.

6.     Weighing the equities and considering Plaintiff's likelihood of ultimate success, a Temporary Restraining Order with asset freeze and other equitable relief is in the public interest.

7.     No security is required of any agency of the United States for issuance of a restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Temporary Restraining Order ("Order"), the following definitions shall apply:

1.     **"Asset" or "Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.     **"Assisting others"** includes but is not limited to: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing or providing marketing or billing services of any kind; (5) acting as an officer or director of a business entity; or (6) providing telemarketing services.

3.     **"Clearly and conspicuously"** means: (1) if presented in writing, the information shall be in type size and location sufficient for an ordinary consumer to read and comprehend it, and shall be disclosed in a manner that would be easily recognizable and understandable in language and syntax to an ordinary consumer.

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

If the information is contained in a multi-page print document, the disclosure shall appear on the first page; (2) if presented orally, the information shall be disclosed in a volume, cadence, and syntax sufficient for an ordinary consumer to hear and comprehend; and (3) nothing contrary to any information disclosed shall be imparted at or near the time of the disclosure.  Further, a subsequent disclosure made orally or in writing only limits or qualifies a prior disclosure and cannot cure a false claim.

4.    **"Corporate Defendants"** refers to Advanced Management Services NW, LLC, also d.b.a. AMS Financial, Rapid Reduction Systems, and Client Services Group ("AMS"); Priority Direct Marketing International ("PDMI"); and Rapid Reduction System's LLC  and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

5.    "**Defendants**" means all of the Individual Defendants and Corporate Defendants, individually, collectively, or in any combination.

6.    **"Document" or "Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, digital records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices.  A draft or nonidentical copy is a separate Document within the meaning of the term.

7.    **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8.    **"Individual Defendants"** means Ryan D. Bishop, Michael L. Rohlf, and William D. Fithian by whatever other names each may be known.

9.    **"Material"** means likely to affect a person's choice of, or conduct

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1   regarding, goods or services.

2       10.    **"Mail"** includes but is not limited to all envelopes, papers or other

3   items delivered, whether by United States Mail, United Postal Service, Federal

4   Express, or similar delivery service.

5       11.    **"National Do Not Call Registry"** means the National Do Not Call

6   Registry, which is the "do-not-call" registry maintained by the Federal Trade

7   Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B)**.**

8       12.    "**Person**" means a natural person, an organization or other legal

9   entity, including a corporation, partnership, sole proprietorship, limited liability

10  company, association, cooperative, or any other group or combination acting as an

11  entity.

12      13.    **"Receiver" or "Receivers"** means the temporary receivers appointed

13  in this Order.  The term "receiver" or "receivers" also includes any deputy

14  receivers as may be named by the temporary receivers.

15      14.    **"Receivership Defendants"** refers to Advanced Management

16  Services NW, LLC, also d.b.a. AMS Financial, Rapid Reduction Systems, and

17  Client Services Group ("AMS"), PDM International, also d.b.a. Priority Direct

18  International, Inc. ("PDMI"), and Rapid Reduction System's LLC ("Rapid

19  Reduction") and their successors and assigns, as well as any subsidiaries, and any

20  fictitious business entities or business names created or used by these entities, or

21  any of them.

22      15.    **"Telemarketer"** means any person who, in connection with

23  telemarketing, initiates or receives telephone calls to or from a customer or donor.

24  16 C.F.R. § 310.2(bb).

25      16.    **"Telemarketing"** means a plan, program, or campaign (whether or

26  not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310), which is

27  conducted to induce the purchase of goods or services or a charitable contribution

28  by use of one or more telephones.

## CONDUCT PROHIBITIONS

**I.  Prohibition Against Misrepresentations of Material Facts and Violations of the Telemarketing Sales Rule**

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the telemarketing, advertising, promoting, marketing, proposed sale, or sale of any product or service, are hereby restrained and enjoined from:

A.    Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to the following:

1.    That consumers who purchase Defendants' credit card interest rate reduction service will have their interest rates reduced substantially;

2.    That consumers who purchase Defendants' credit card interest rate reduction service will save thousands of dollars in a short time as a result of lowered credit card interest rates;

3.    That Defendants will provide full refunds if consumers do not save thousands of dollars as a result of lowered credit card interest rates; and

B.    Violating, or assisting others in violating, any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

1.    Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), by misrepresenting, directly or by implication:

a.    That consumers who purchase Defendants' credit card interest rate reduction service will have their interest rates reduced

TEMPORARY RESTRAINING ORDER        5

1      substantially; and

2      b.      That consumers who purchase Defendants' credit card interest

3              rate reduction service will save thousands of dollars in a short

4              time as a result of lowered credit card interest rates;

5   2.   Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv), by

6        misrepresenting, directly or by implication, that Defendants will

7        provide full refunds if consumers do not save thousands of dollars as a

8        result of reduced credit card interest rates;

9   3.   Sections 310.3(b) of the TSR, 16 C.F.R. §§ 310.3(b), by providing

10       substantial assistance or support to PDMI and Fithian, including, but

11       not limited to, fulfillment and customer service, when AMS, Bishop,

12       and Rohlf know or consciously avoided knowing that PDMI and

13       Fithian are misrepresenting, or failing to disclose truthfully in a clear

14       and conspicuous manner, directly or by implication, material

15       information in the sale of their goods or services;

16  4.   Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R.

17       § 310.4(b)(1)(iii)(B), by engaging in, or causing a telemarketer to

18       engage in, initiating an outbound telephone call to a person when that

19       person's telephone number is on the National Do Not Call Registry;

20  5.   Section 310.4(b)(1)(iii)(A) of the TSR, 16 C.F.R.

21       § 310.4(b)(1)(iii)(A), by initiating, or causing a telemarketer to engage

22       in initiating, an outbound telephone call to a person who previously

23       has stated that he or she does not wish to receive an outbound

24       telephone call made by or on behalf of the seller whose goods or

25       services are being offered;

26  6.   Sections 310.4(d) of the TSR, 16 C.F.R. § 310.4(d), by failing to

27       disclose truthfully, promptly and in a clear and conspicuous manner

28       the identity of the seller, that the purpose of the call is to sell goods or

TEMPORARY RESTRAINING ORDER          6

services, and the nature of the goods or services;

7.  Section 310.4(b)(1)(v)(B)(ii) of the TSR, 16 C.F.R.
    § 310.4(b)(1)(v)(B)(ii), by initiating, or causing a telemarketer to
    initiate, outbound telephone calls delivering prerecorded messages
    that do not promptly provide the disclosures required by Section
    310.4(d) of the TSR; and

8.  Section 310.4(b)(1)(v)(A) of the TSR, 16 C.F.R. § 310.4(b)(1)(v)(A),
    by initiating, or causing a telemarketer to initiate, outbound telephone
    calls that deliver a prerecorded message to induce the purchase of any
    good or service, unless the seller has obtained from the recipient of
    the call an express agreement, in writing, that:

    a.  The seller obtained only after a clear and conspicuous
        disclosure that the purpose of the agreement is to authorize the
        seller to place prerecorded calls to such person;

    b.  The seller obtained without requiring, directly or indirectly, that
        the agreement be executed as a condition of purchasing any
        good or service;

    c.  Evidences the willingness of the recipient of the call to receive
        calls that deliver prerecorded messages by or on behalf of a
        specific seller; and

    d.  Includes such person's telephone number and signature.

**II.  Prohibition Against Failing to Disclose Material Refund Condition**

   **IT IS FURTHER ORDERED** that Defendants, their officers, agents,
servants, employees, and attorneys, and all other persons in active concert or
participation with any of them who receive actual notice of this Order by personal
service or otherwise, whether acting directly or through any corporation,
subsidiary, division, or other device, in connection with the advertising, marketing,
promoting, offering for sale, or sale of any debt reduction product, service, or

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

program, are hereby temporarily restrained and enjoined from failing to disclose, clearly and conspicuously, prior to the time when a consumer purchases such product, service, or program from Defendants, all information material to a consumer's decision to buy the product, service, or program, including but not limited to failing to disclose, if true, that consumers who do not achieve the guaranteed savings as a result of Defendants negotiating lowered interest rates with consumers' creditors may be denied a full refund if the amount of promised savings potentially can be achieved by following Defendants' payment acceleration plan.

### III.  Customer Information

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from:

A.    Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit or debit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint;

B.    Benefitting from or using the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit or debit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint.

Provided, however, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

# ASSET PROVISIONS

## IV.  Asset Freeze

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

1.    owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

2.    in the actual or constructive possession of any Defendant; or

3.    in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union,

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

retirement fund custodian, money market or mutual fund, storage

company, trustee, or with any broker-dealer, escrow agent, title

company, commodity trading company, precious metal dealer, or

other financial institution or depository of any kind, either within or

outside the territorial United States.

B.    Opening or causing to be opened any safe deposit boxes, commercial

mail boxes, or storage facilities titled in the name of any Defendant, or subject to

access by any Defendant or under any Defendant's control, without providing the

Commission prior notice and an opportunity to inspect the contents in order to

determine that they contain no assets covered by this Section;

C.    Cashing any checks or depositing any payments from customers or

clients of Defendants;

D.    Incurring charges or cash advances on any credit card issued in the

name, singly or jointly, of any Defendant; or

E.    Incurring liens or encumbrances on real property, personal property,

or other assets in the name, singly or jointly, of any Defendant or any corporation,

partnership, or other entity directly or indirectly owned, managed, or controlled by

any Defendant.

Notwithstanding the asset freeze provisions of Sections IV.A-E above, and

subject to prior written agreement with the Commission, Individual Defendants

may, upon compliance with Section VII (Financial Statements and Accounting),

*infra*, pay from their individual personal funds reasonable, usual, ordinary, and

necessary living expenses.

The funds, property, and assets affected by this Section shall include both

existing assets and assets acquired after the effective date of this Order.

## V.  Duties of Third Parties

**IT IS FURTHER ORDERED** that any financial institution, business entity,

or person maintaining or having custody or control of any account or other asset of

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

1.    on behalf of, or for the benefit of, any Defendant or any other party subject to Section IV above;

2.    in any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Section IV above; and

3.    that are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section IV above.

B.    Deny Defendants access to any safe deposit boxes or storage facilities that are either:

1.    titled in the name, individually or jointly, of any Defendant, or other party subject to Section IV above; or

2.    subject to access by any Defendant or other party subject to Section IV above.

C.    Provide the Commission, within five (5) days of the date of service of this Order, a sworn statement setting forth:

1.    The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section IV above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

2. The balance of each such account, or a description of the nature and value of such asset;

3. The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Section IV above, whether in whole or in part; and

4. If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date.

D. Allow representatives of Plaintiff immediate access to inspect and copy, or upon Plaintiff's request, within five (5) business days of said request, provide the Commission with copies of, all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E. This Section shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held or controlled two years prior to the effective date of this Order.  This Section shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

## VI.  Repatriation of Assets and Documents

**IT IS FURTHER ORDERED** that Defendants shall:

A. Within three (3) business days following service of this Order, take such steps as are necessary to repatriate to the territory of the United States of

1  America all Documents and Assets that are located outside such territory and are

2  held by or for Defendants or are under Defendants' direct or indirect control,

3  jointly, severally, or individually;

4      B.     Within three (3) business days following service of this Order,

5  provide Plaintiff with a full accounting of all Documents and Assets that are

6  located outside of the territory of the United States of America or that have been

7  transferred to the territory of the United States of America pursuant to Subsection

8  A above and are held by or for any Defendant or are under any Defendant's direct

9  or indirect control, jointly, severally, or individually, including the addresses and

10  names of any foreign or domestic financial institution or other entity holding the

11  Documents and Assets, along with the account numbers and balances;

12      C.     Hold and retain all such Documents and Assets and prevent any

13  transfer, disposition, or dissipation whatsoever of any such Documents or Assets;

14  and

15      D.     Within three (3) business days following service of this Order,

16  provide Plaintiff access to Defendants' records and Documents held by Financial

17  Institutions or other entities outside the territorial United States, by signing and

18  delivering to Plaintiff's counsel the Consent to Release of Financial Records

19  attached to this Order as **Attachment A**.

20              **RECORD KEEPING PROVISIONS**

21          **VII.  Financial Statements and Accounting**

22      **IT IS FURTHER ORDERED** that, within five (5) business days following

23  the service of this Order:

24      A.     Each Individual Defendant shall prepare and deliver to counsel for the

25  Commission a completed financial statement on the form captioned "Financial

26  Statement of Individual Defendant," which is attached to this Order as Attachment

27  B;

28      B.     Unless otherwise agreed upon with Counsel for the Commission and

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    the Receivers, Defendants shall also prepare and deliver to Counsel for the

2    Commission a completed financial statement on the form captioned "Financial

3    Statement of Corporate Defendant," which is attached to this Order as Attachment

4    C, for Advanced Management Services NW LLC; PDM International, Inc.; and

5    Rapid Reduction System's LLC; and for each business entity owned, controlled or

6    managed by the Individual Defendants, regardless of whether it is a defendant in

7    this case.  The financial statements shall be accurate as of the date and time of

8    entry of this Order; and

9        C.    Each Defendant shall also prepare and deliver to Counsel for the

10   Commission:

11       1.    A completed statement, verified under oath:

12            a.    specifying the name and address of each financial institution

13                  and brokerage firm at which the Defendant has accounts or safe

14                  deposit boxes.  Said statements shall include assets held in

15                  foreign as well as domestic accounts; and

16            b.    listing all person who have received payments, transfers, or

17                  assignment of funds, assets, or property which total $10,000 or

18                  more in any twelve-month period since January 1, 2008.  This

19                  list shall specify: (a) the amount(s) transferred or assigned; (b)

20                  the name of each transferee or assignee; (c) the date of the

21                  assignment or transfer; and (d) the type and amount of

22                  consideration paid to the Defendant:

23       2.    For each credit card interest rate reduction service, product, or

24            program advertised, marketed, promoted, offered for sale, or sold by

25            the Defendants, a detailed accounting, verified under oath, of:

26            a.    all gross revenues obtained from the sale of each such service,

27                  product, or program (broken down by month and year) from

28                  January 1, 2008, through the date of the issuance of this Order;

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

b.    all net profits obtained from the sale of each such service, product, or program (broken down by month and year) from January 1, 2008, through the date of the issuance of this Order;

c.    the total amount of each such service, product, or program sold (broken down by month and year) from January 1, 2008, through the date of the issuance of this Order; and

d.    the full names, addresses, and telephone numbers of all purchasers or recipients of each such service, product, or program, and the amount paid by each from January 1, 2008, through the date of the issuance of this Order.

### VIII.    Records Maintenance and New Business Activity

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from:

A.    Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly and completely reflect the incomes, disbursements, transactions, dispositions, and uses of the Defendants' assets;

B.    Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents, including electronically-stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  the business practices or finances of entities directly or indirectly under common

2  control with any other Defendant; and

3        C.     Creating, operating, or exercising any control over any new business

4  entity, whether newly formed or previously inactive, including any partnership,

5  limited partnership, joint venture, sole proprietorship, or corporation, without first

6  providing Plaintiff with a written statement disclosing: (1) the name of the business

7  entity; (2) the address and telephone number of the business entity; (3) the names

8  of the business entity's officers, directors, principals, managers, and employees;

9  and (4) a detailed description of the business entity's intended activities.

10                 **RECEIVERSHIP PROVISIONS**

11          **IX.  Appointment of Temporary Receivers**

12       **IT IS FURTHER ORDERED** that **Ford Elsaessar**, of Elsaesser Jarzabek

13  Anderson Marks & Elliot Chtd., is appointed Temporary Receiver for Receivership

14  Defendants AMS and Rapid Reduction, and **Dennis Roossien**, of Munsch Hardt

15  Kopf & Harr, P.C., is appointed Temporary Receiver for Receivership Defendant

16  PDMI, each with the full power of an equity receiver.  Each receiver shall be an

17  agent of this Court in acting as a Receiver under this Order and shall be

18  accountable directly to this Court.  The Receivers shall comply with all Rules of

19  this Court governing receivers.  It is understood, given the nature of this

20  assignment, that the Receivers may conclude that there are insufficient assets in the

21  receivership or that other factors warrant withdrawal of the Receivers in

22  accordance with Section XIX of this Order.

23         **X.  Access to Receivership Defendants' Business Premises**

24       **IT IS FURTHER ORDERED** that each Receiver and his representatives

25  and agents shall have immediate access to any business premises of the relevant

26  Receivership Defendant, and immediate access to any other location where the

27  relevant Receivership Defendant has conducted business and where property or

28  business records are likely to be located.  Such business premises locations

1  specifically include, but are not limited to, the offices and facilities of one or more

2  of the Receivership Defendants at 154 S. Madison Street, Suite 200, Spokane, WA

3  99201, 19 W. Pacific, Spokane, WA 99201, 114 W. Pacific, Spokane, WA 99201,

4  9500 Ray White, Fort Worth, TX 76244, and 2132 L Don Dodson Drive, Bedford,

5  TX 76021; and any storage facility each Receiver learns is being used to store

6  records of the relevant Receivership Defendant.

7      A.    The purpose of such access is to implement and carry out each

8  Receiver's duties set forth in Section XI, *infra*, and to inspect and inventory all of

9  the relevant Receivership Defendant's property, assets and documents and inspect

10  and copy any documents relevant to this action.  Each Receiver and those

11  specifically designated by the Receiver shall have the right to remove the above-

12  listed documents from those premises in order that they may be inspected,

13  inventoried, and copied.

14      B.    In connection with gaining access to and securing the relevant

15  Receivership Defendant's business premises, each Receiver is authorized to use the

16  assistance of law enforcement officers as the Receiver deems necessary to effect

17  service and to implement peacefully the provisions of this Order.

18      C.    Each Receiver shall allow the Commission's representatives, agents,

19  and assistants, as well as Defendants and their representatives, reasonable access to

20  the premises of the relevant Receivership Defendant.  The purpose of this access

21  shall be to inspect and copy any and all books, records, accounts, and other

22  property, including computer data, owned by or in the possession of the relevant

23  Receivership Defendant.

24      D.    Each Receiver is authorized to provide continued access to the

25  relevant Receivership Defendant's business premises to law enforcement officers,

26  as he deems fit; and to refer to those law enforcement officers any documents or

27  information that may appear to be relevant to their duties.

28

TEMPORARY RESTRAINING ORDER      17

## XI.  Receivership Duties

**IT IS FURTHER ORDERED** that each Receiver is directed and authorized to accomplish the following:

A.      Assume full control of the relevant Receivership Defendant by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee or agent of the Receivership Defendant, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendant;

B.      Take exclusive custody, control, and possession of all assets and documents of, or in the possession or custody or under the control of, the relevant Receivership Defendant, wherever situated, including without limitation all paper documents and all electronic data and devices that contain or store electronic data including but not limited to computers, laptops, data storage devices, back-up tapes, DVDs, CDs, and thumb drives and all other external storage devices and, as to equipment in the possession or under the control of the Individual Defendants, all PDAs, smart phones, cellular telephones, and similar devices issued or paid for by the Receivership Defendant.  Each Receiver shall be deemed to be the authorized responsible person to act on behalf of the relevant Receivership Defendant and, subject to further order of the Court, shall have the full power and authority to take all corporate actions, including but not limited to, the filing of a petition for bankruptcy as the authorized responsible person as to the relevant Receivership Defendant, dissolution of the Receivership Defendant, and sale of the Receivership Defendant.  Each Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the relevant Receivership Defendant and other persons or entities whose interests are now held by or under the direction, possession, custody or control of the Receivership Defendant; *provided, however*, that the Receiver shall seek further authority from the Court, after providing notice to the Plaintiff, before

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    attempting to collect any debt from a consumer if the Receiver believes the debt

2    was induced by unfair or deceptive practices, including, without limitation, those

3    identified by the FTC in this matter whether in the Complaint or in subsequent

4    filings;

5           C.      Take all steps necessary to secure the business premises of the

6    relevant Receivership Defendant including, but not limited to, all such premises

7    located at 154 S. Madison Street, Suite 200, Spokane, WA 99201, 19 W. Pacific,

8    Spokane, WA 99201, 114 W. Pacific, Spokane, WA 99201, 9500 Ray White, Fort

9    Worth, TX 76244, and 2132 L Don Dodson Drive, Bedford, TX 76021.  Such steps

10    may include, but are not limited to, the following as each Receiver deems

11    necessary or advisable:  (1) serving this Order on any person or entity;

12    (2) completing a written inventory of receivership assets; (3) obtaining pertinent

13    information from all employees and other agents of the relevant Receivership

14    Defendant including, but not limited to, the name, home address, social security

15    number, job description, method of compensation, and all accrued and unpaid

16    commissions and compensation of each such employee or agent; (4) video taping

17    all portions of the business premises; (5) changing the locks and disconnecting any

18    computer modems or other means of access to the computer or other records

19    maintained at the business premises; (6) requiring any persons present on the

20    business premises at the time this Order is served to leave the premises, to provide

21    the Receiver with proof of identification, or to demonstrate to the satisfaction of

22    the Receiver that such persons are not removing from the premises documents or

23    assets of the Receivership Defendant; and (7) notwithstanding any other provision

24    of this Order, each Receiver shall determine what constitutes reasonable access by

25    other persons or entities to the business premises of the relevant Receivership

26    Defendant;

27           D.      Investigate, conserve, hold, and manage all receivership assets, and

28    perform all acts necessary or advisable to preserve the value of those assets in an

TEMPORARY RESTRAINING ORDER      19

effort to prevent any irreparable loss, damage or injury to consumers or to creditors of the relevant Receivership Defendant including, but not limited to, obtaining an accounting of the assets, and preventing transfer, withdrawal or misapplication of assets;

E.    Enter into contracts and purchase insurance as advisable or necessary;

F.    Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the relevant Receivership Defendant;

G.    Manage and administer the business of the relevant Receivership Defendant until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which include retaining, hiring, or dismissing any employees, independent contractors, or agents;

H.    Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists (collectively, "Professionals"), as each Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order, which Professionals shall apply for payment of fees and costs along with the Receiver and be paid from the assets of the receivership estate;

I.    Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order;

J.    Determine and implement the manner in which the relevant Receivership Defendant will comply with, and prevent violations of, this Order and all other applicable laws including, but not limited to, revising sales materials and implementing monitoring procedures;

K.    Institute, compromise, adjust, defend, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that each Receiver deems necessary and advisable to preserve or recover the assets of

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  the relevant Receivership Defendant or that each Receiver deems necessary and

2  advisable to carry out the Receiver's mandate under this Order, including but not

3  limited to, the filing of a petition for bankruptcy;

4       L.    Defend, compromise, adjust or otherwise dispose of any or all actions

5  or proceedings instituted in the past or in the future against each Receiver in his or

6  her role as receiver, or against the relevant Receivership Defendant that the

7  Receiver deems necessary and advisable to preserve the assets of the relevant

8  Receivership Defendant, or that each Receiver deems necessary and advisable to

9  carry out the Receiver's mandate under this Order, all notwithstanding the Stay of

10  Actions set forth in Section XVI of this Order;

11       M.    Continue and conduct the business of the relevant Receivership

12  Defendant in such manner, to such extent, and for such duration as the Receiver

13  may in good faith deem to be necessary and advisable to operate the business

14  profitably and lawfully, if at all; *provided, however*, that the continuation and

15  conduct of the business shall be conditioned upon the Receiver's good faith

16  determination that the business can be lawfully operated at a net profit using the

17  assets of the receivership estate and without resort to any unfair or deceptive

18  practices including, without limitation, those identified as such by the FTC in this

19  matter whether in the Complaint or in subsequent filings; and taking into account,

20  among other things, that the fees and costs of the Receiver and the Professionals

21  must be paid as senior priority administrative expenses of the receivership estate;

22       N.    Conduct investigations and issue subpoenas to obtain documents and

23  records pertaining to, or in aid of, the receivership, and conduct discovery in this

24  action on behalf of the receivership estate;

25       O.    Receiver Ford Elsaesser shall open one or more bank accounts in the

26  Eastern District of Washington as designated depositories for funds of

27  Receivership Defendants AMS and Rapid Reduction.  Receiver Dennis Roossien

28  shall open one or more bank accounts in the Northern District of Texas as

designated depositories for funds of Receivership Defendant PDMI.  Each Receiver shall deposit all funds of the relevant Receivership Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

P.    Maintain accurate records of all receipts and expenditures that he or she makes as Receiver; and

Q.    Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

## XII.  Cooperation With The Temporary Receivers

**IT IS FURTHER ORDERED** that the Defendants and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the relevant Receiver.  This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic account, or digital file or telephonic data in any medium; turning over all accounts, files, and records including those in possession or control of attorneys or accountants; and advising all persons who owe money to the Receivership Defendant that all debts should be paid directly to the relevant Receiver. Defendants are hereby temporarily restrained and enjoined from directly or indirectly:

A.    Transacting any of the business of the Receivership Defendant;

B.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendant including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other papers of any kind or nature;

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendant or the Receiver;

D.      Drawing on any existing line of credit available to Receivership Defendant;

E.      Excusing debts owed to the Receivership Defendant;

F.      Failing to notify the relevant Receiver of any asset, including accounts, of the Receivership Defendant held in any name other than the name of any Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the relevant Receiver in connection with obtaining possession, custody or control of such assets;

G.      Doing any act that would, or failing to do any act which failure would, interfere with the relevant Receiver's taking custody, control, possession, or management of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendant; or to refuse to cooperate with the relevant Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; and

H.      Filing, or causing to be filed, any petition on behalf of the Receivership Defendant for relief under the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (2002), without prior permission from this Court.

# XIII.  Delivery of Receivership Property

**IT IS FURTHER ORDERED** that:

A.    Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Defendants or any other person or entity shall transfer or deliver possession, custody, and control of the following to the relevant Receiver:

1.    All assets of the Receivership Defendant, including, without limitation, bank accounts, web sites, buildings or office space owned, leased, rented, or otherwise occupied by the Receivership Defendant;

2.    All documents of the Receivership Defendant, including, but not limited to, books and records of accounts, legal files (whether held by Defendants or their counsel) all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, and other papers;

3.    All of the Receivership Defendant's accounting records, tax records, and tax returns controlled by, or in the possession of, any bookkeeper, accountant, enrolled agent, licensed tax preparer or certified public accountant;

4.    All loan applications made by or on behalf of Receivership Defendant and supporting documents held by any type of lender including, but not limited to, banks, savings and loans, thrifts or credit unions;

5.    All assets belonging to members of the public now held by the Receivership Defendant; and

6.    All keys and codes necessary to gain or secure access to any assets or documents of the Receivership Defendant including, but not limited to, access to their business premises, means of communication, accounts, computer systems or other property;

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

B.      In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document or other thing and to deliver it to the Receiver.

## XIV.  Transfer of Funds to the Temporary Receivers

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, leasing companies, landlords, ISOs, credit and debit card processing companies, insurance agents, insurance companies, commodity trading companies or any other person, including relatives, business associates or friends of the Defendants, or their subsidiaries or affiliates, holding assets of the Receivership Defendant or in trust for Receivership Defendant shall cooperate with all reasonable requests of each Receiver relating to implementation of this Order, including freezing and transferring funds at his or her direction and producing records related to the assets of the relevant Receivership Defendant.

## XV.  Collection of Receivership Defendants' Mail

**IT IS FURTHER ORDERED** that:

A.      All Defendants are hereby restrained and enjoined from opening mail addressed to any of the Receivership Defendants, including but not limited to such mail at the following addresses:

1.      154 S. Madison Street, Suite 200, Spokane, WA 99201;

2.      2132 L Don Dodson Drive, Bedford, TX 76021;

3.      19 W. Pacific, Spokane, WA 99201;

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

4.      114 W. Pacific, Spokane, WA 99201;

5.      9500 Ray White, Fort Worth, TX 76244; and

6.      Any address used by any of the Individual Defendants.

B.      Each Receiver is authorized to open all such mail addressed to the relevant Receivership Defendant.

C.      Any funds enclosed in any mail shall be maintained and accounted for by the Receiver until further order by the Court.

D.      Any Defendant who receives mail or any delivery addressed to any Receivership Defendant shall promptly deliver it to the relevant Receiver.

Each Receiver shall forward unopened all mail that they receive on behalf of the Receivership Defendant that is addressed solely to an Individual Defendant at his or her last known address.

## XVI.  Stay of Actions

**IT IS FURTHER ORDERED** that:

A.      Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other persons and entities aside from the Receivers are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.      Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.      Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody or control of any asset; attempting to foreclose, forfeit, alter or terminate any interest in any asset, whether such acts are part of a

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

judicial proceeding or are acts of self-help or  otherwise;

3.  Executing, issuing, serving or causing the execution, issuance or service of, any legal process  including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; and

4.  Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants;

B.  This Order does not stay:

1.  The commencement or continuation of a criminal action or proceeding;

2.  The commencement or continuation of an action or proceeding by a governmental unit, including without limitation the Federal Trade Commission, to enforce such governmental unit's police or regulatory power;

3.  The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

4.  The issuance to a Receivership Defendant of a notice of tax deficiency; and

C.  Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the relevant Receiver, and, if such request has not been responded to within 30 days of receipt

TEMPORARY RESTRAINING ORDER        27

1   by the Receiver, any such person or entity may thereafter seek an Order of this

2   Court with regard to the relief requested.

3              **XVII.  Compensation of Temporary Receivers**

4        **IT IS FURTHER ORDERED** that each Receiver and his Professionals and

5   all personnel hired by the Receiver as herein authorized, including counsel to the

6   Receiver and accountants, are entitled to reasonable compensation for the

7   performance of duties pursuant to this Order and for the cost of actual out-of-

8   pocket expenses incurred by them, which compensation shall be derived

9   exclusively from the assets now held by, or in the possession or control of, or

10  which may be received by, the relevant Receivership Defendant or which are

11  otherwise recovered by the Receiver.  Each Receiver and Professional shall file

12  with the Court and serve on the parties statements on a monthly basis, which shall

13  include a description of all services provided and expenses incurred, with the first

14  such statement filed no later than 30 days after the date of this Order.  If no

15  objection to the fees and expenses in the statements is filed with the Court by any

16  party within 14 days of service of the statements, then the Receiver shall be

17  authorized to pay such statements on an interim basis, with final approval thereof

18  to be reserved until the closing of the case.  The Receiver shall not increase the

19  hourly rates used as the bases for such fee applications without prior approval of

20  the Court.

21              **XVIII.  Temporary Receivers' Bond/Liability**

22        **IT IS FURTHER ORDERED** that no bond shall be required in connection

23  with the appointment of each Receiver.  Except for an act of gross negligence, the

24  Receiver and the Professionals shall not be liable for any loss or damage incurred

25  by any of the Defendants, their officers, agents, servants, employees and attorneys

26  or any other person, by reason of any act performed or omitted to be performed by

27  the Receiver and the Professionals in connection with the discharge of his or her

28  duties and responsibilities, including but not limited to their withdrawal from the

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  case under Section XIX.

2  ### XIX.  Withdrawal of Temporary Receivers

3  **IT IS FURTHER ORDERED** that each Receiver and any Professional

4  retained by the Receiver, including but not limited to his or her attorneys and

5  accountants, be and are hereby authorized to withdraw from his respective

6  appointments or representations and apply for payment of their professionals fees

7  and costs at any time after the date of this Order, for any reason in their sole and

8  absolute discretion, by sending written notice seven (7) days prior to the date of the

9  intended withdrawal to the Court and to the parties along with a written report

10 reflecting the Receiver's work, findings, and recommendations, as well as an

11 accounting for all funds and assets in possession or control of the Receiver.  The

12 Receiver and Professionals shall be relieved of all liabilities and responsibilities,

13 and the Receiver shall be exonerated and the receivership deemed closed seven (7)

14 days from the date of the mailing of such notice of withdrawal.  The Court will

15 retain jurisdiction to consider the fee applications, report, and accounting

16 submitted by the Receiver and the Professionals.  The written notice shall include

17 an interim report indicating the Receiver's actions and reflect the knowledge

18 gained along with the fee applications of the Receiver and his or her Professionals.

19 The report shall also contain the Receiver's recommendations, if any.

20 ### ORDER TO SHOW CAUSE AND RELATED PROVISIONS

21 ### XX.  Order to Show Cause

22 **IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure

23 65(b) that Defendants shall appear before this Court, 2nd Floor Courtroom, Yakima,

24 WA, on Monday the **17th**  day of May, 2010, at 10:30 a.m. (PST), to show cause, if

25 there is any, why this Court should not enter a preliminary injunction, pending

26 final ruling on the Complaint against Defendants, enjoining them from further

27 violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's

28 Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, continuing the freeze of

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  their assets, continuing the receiverships, and imposing such additional relief as

2  may be appropriate.

## XXI.  Expedited Discovery

4      **IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil

5  Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal

6  Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), Plaintiff is

7  granted leave, at any time after entry of this Order to:

8      A.      Take the deposition of any person or entity, whether or not a party,

9  for the purpose of discovering the nature, location, status, and extent of the assets

10  of Defendants, and Defendants' affiliates and subsidiaries; the nature and location

11  of documents reflecting the business transactions of Defendants, and Defendants'

12  affiliates and subsidiaries; the location of any premises where Defendants, directly

13  or through any third party, conduct business operations; the Defendants'

14  whereabouts; and/or the applicability of any evidentiary privileges to this action;

15  and

16      B.      Demand the production of documents from any person or entity,

17  whether or not a party, relating to the nature, status, and extent of the assets of

18  Defendants, and Defendants' affiliates and subsidiaries; the nature and location of

19  documents reflecting the business transactions of Defendants, and Defendants'

20  affiliates and subsidiaries; the location of any premises where Defendants, directly

21  or through any third party, conduct business operations; the Defendants'

22  whereabouts; and/or the applicability of any evidentiary privileges to this action.

23      Three (3) days notice shall be deemed sufficient for any such deposition,

24  five (5) days notice shall be deemed sufficient for the production of any such

25  documents, and twenty-four (24) hours notice shall be deemed sufficient for the

26  production of any such documents that are maintained or stored only as electronic

27  data.  The provisions of this Section shall apply both to parties to this case and to

28  non-parties.  The limitations and conditions set forth in Federal Rules of Civil

TEMPORARY RESTRAINING ORDER        30

1   Procedure 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an

2   individual shall not apply to depositions taken pursuant to this Section.  Any such

3   depositions taken pursuant to this Section shall not be counted toward any limit on

4   the number of depositions under the Federal Rules of Civil Procedure including

5   those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A) or

6   the Local Rules of Civil Procedure for the United States District Court for the

7   Eastern District of Washington.  Service of discovery upon a party, taken pursuant

8   to this Section, shall be sufficient if made through the means described in **Section**

9   **XXIV** of this Order.

10           **XXII.  Motion for Live Testimony; Witness Identification**

11           **IT IS FURTHER ORDERED** that the question of whether this Court

12   should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of

13   Civil Procedure enjoining the Defendants during the pendency of this action shall

14   be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and

15   oral argument of, the parties.  Live testimony shall be heard only on further order

16   of this Court.

17   *Provided further*, however, that an evidentiary hearing on the Commission's

18   request for a preliminary injunction is not necessary unless Defendants

19   demonstrate that they have, and intend to introduce, evidence that raises a genuine

20   material factual issue.

21           **XXIII.  Service of Pleadings, Memoranda, and Other Evidence**

22           **IT IS FURTHER ORDERED** that Defendants shall file with the Court and

23   serve on Plaintiff's counsel any answering affidavits, pleadings, motions, expert

24   reports or declarations, and/or legal memoranda no later than three (3) days

25   (including weekends) prior to the hearing on Plaintiff's request for a preliminary

26   injunction.

27           Plaintiff may file responsive or supplemental pleadings, materials, affidavits,

28   or memoranda with the Court and serve the same on counsel for Defendants no

TEMPORARY RESTRAINING ORDER          31

1   later than one (1) day (including a weekend day) prior to the preliminary injunction

2   hearing in this matter, provided that service shall be performed by personal or

3   overnight delivery, by electronic filing, or by facsimile, and documents shall be

4   delivered so that they shall be received by the other parties no later than 4:00 p.m.

5   (Pacific Daylight Time) on the appropriate dates listed in this Section.

6   ### XXIV.   Service of this Order

7   **IT IS FURTHER ORDERED** that copies of this Order may be distributed

8   by U.S. first class mail, overnight delivery, facsimile, electronic mail, or

9   personally, by agents or employees of Plaintiff, by agents or employees of the

10   Receivers, by any law enforcement agency, or by private process server, upon any

11   Person, Financial Institution, or other entity that may have possession or control of

12   any property, property right, document, or asset of any Defendant, or that may be

13   subject to any provision of this Order.  Service upon any branch or office of any

14   Financial Institution or entity shall effect service upon the entire financial

15   institution or entity.

16   ### XXV.   Expiration Date of Temporary Restraining Order

17   **IT IS FURTHER ORDERED** that the Temporary Restraining Order

18   granted herein shall expire on May 24, 2010, at 11:59 p.m. (Pacific Daylight

19   Time), unless within such time the Order, for good cause shown, is extended, or

20   unless, as to any Defendant, the Defendant consents that it should be extended for a

21   longer period of time.

22   ### XXVI.  Distribution of Order by Defendants

23   **IT IS FURTHER ORDERED** that Defendants shall immediately provide a

24   copy of this Order to each of their corporations, subsidiaries, affiliates, divisions,

25   directors, officers, agents, partners, successors, assigns, employees, attorneys,

26   agents, representatives, sales entities, sales persons, telemarketers, independent

27   contractors, and any other Persons in active concert or participation with them.

28   Within five (5) calendar days following service of this Order by Plaintiff, each

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  Defendant shall file with this Court and serve on Plaintiff, an affidavit identifying

2  the names, titles, addresses, and telephone numbers of the persons and entities

3  Defendants have served with a copy of this Order in compliance with this

4  provision.

5  ### XXVII.  Consumer Reporting Agencies

6  **IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair

7  Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may

8  furnish a consumer or credit report concerning any Defendant to Plaintiff.

9  ### XXVIII.  Correspondence with and Notice to Plaintiff

10  **IT IS FURTHER ORDERED** that for purposes of this Order, all

11  correspondence and pleadings to the Commission shall be addressed to:

12
13
14
15

Mary T. Benfield
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174
(206) 220-6350 [telephone]
(206) 200-6366 [facsimile]
mbenfield@ftc.gov

### XXIX.  Retention of Jurisdiction

16  **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

17  matter for all purposes.

18
19

20  SO ORDERED, this 10th day of May, 2010

21
22

*s/Lonny R. Suko*

_____
LONNY R. SUKO
Chief United States District Judge

23
24
25
26
27
28

Presented by:

WILLARD K. TOM
General Counsel
ROBERT J. SCHROEDER
Regional Director

_____

Mary T. Benfield
Miry Kim
Attorneys for Plaintiff
Federal Trade Commission