FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**JUN 1 1 2010**

JAMES R. LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

1
2
3
4
5
6
7
8

9   **UNITED STATES DISTRICT COURT**

10   **EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| 11   FEDERAL TRADE COMMISSION, | Civil No. CV-10-0148-LRS |
| 12        Plaintiff, | |
| 13        v. | **STIPULATED** |
| 14   ADVANCED MANAGEMENT | **PRELIMINARY** |
|    SERVICES NW LLC, also d.b.a. AMS | **INJUNCTION AND** |
| 15   Financial, Rapid Reduction Systems, and | **ORDER FOR OTHER** |
|    Client Services Group, a Washington | **EQUITABLE RELIEF** |
| 16   limited liability company; | |
| 17   PDM INTERNATIONAL, INC., also d.b.a. | |
|    Priority Direct Marketing International, | |
| 18   Inc., a Delaware corporation; | |
| 19   RAPID REDUCTION SYSTEM'S, LLC, a | |
| 20   Delaware limited liability company; | |
| 21   Ryan David Bishop; | |
| 22   Michael L. Rohlf; and | |
| 23   William D. Fithian, | |
| 24        Defendants. | |

25        Plaintiff, the Federal Trade Commission ("FTC"), pursuant to Sections 13(b)

26   and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and

27   57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act

28

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, filed its Complaint for Injunctive

2  and Other Equitable Relief, and an *Ex Parte* Application for Temporary

3  Restraining Order, with Asset Freeze, Appointment of a Receiver, Order Granting

4  Immediate Access, Order Permitting Limited Expedited Discovery, and Order to

5  Show Cause Why Preliminary Injunction Should Not Issue, and Supporting

6  Memorandum ("Memorandum in Support of Motion for TRO"), pursuant to Rule

7  65 of the Federal Rules of Civil Procedure.  On May 10, 2010, this Court granted

8  Plaintiff's *Ex Parte* Motion for TRO and entered a Temporary Restraining Order

9  ("TRO") with an Order to Show Cause Why a Preliminary Injunction Should Not

10 Issue against Defendants Advanced Management Services NW LLC, also d.b.a.

11 AMS Financial, Rapid Reduction Systems, and Client Services Group ("AMS");

12 PDM International, Inc., also d.b.a. Priority Direct Marketing International, Inc.

13 ("PDMI"); Rapid Reduction System's, LLC ("Rapid Reduction"); Ryan David

14 Bishop; Michael L. Rohlf; and William D. Fithian (hereinafter referred to

15 collectively as "Defendants").  All Defendants were served with the Summons,

16 Complaint, TRO, and other related papers filed in this action on May 11, 2010.  At

17 the request of the parties, this Court extended the TRO until June 25, 2010, and a

18 preliminary injunction hearing has been scheduled for June 15, 2010.

19         The Commission and Defendants, acting by and through counsel, now

20 stipulate to entry of this Stipulated Preliminary Injunction ("Stipulated Order") to

21 remain in effect until the final resolution of this matter.

22         NOW, THEREFORE, the Commission and Defendants having requested the

23 Court to enter this Stipulated Preliminary Injunction, it is **ORDERED,**

24 **ADJUDGED, AND DECREED** as follows:

25                                          **FINDINGS**

26         1.      This is an action by the FTC under Sections 13(b) and 19 of the FTC

27 Act, 15 U.S.C. §§ 53(b) and 57b.  Pursuant to these sections, the FTC has authority

28 to seek the relief granted herein.

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1      2.     This Court has jurisdiction over the subject matter of this case and all

2  the parties hereto.

3      3.     Venue in the Eastern District of Washington and service of process

4  are proper.

5      4.     The acts and practices of the Defendants are in or affecting commerce,

6  as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

7      5.     This Court has the authority to grant a preliminary injunction and

8  other appropriate relief pursuant to Section 13(b) of the FTC Act, 15 U.S.C.

9  § 53(b), and Rule 65 of the Federal Rules of Civil Procedure.

10      6.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes the

11  issuance of such preliminary relief upon a proper showing that, weighing the

12  equities and considering the FTC's likelihood of ultimate success, such action

13  would be in the public interest.

14      7.     Section 5(a) of the FTC Act prohibits deceptive acts and practices in

15  or affecting commerce.  To be deceptive, an act or practice must be one that is

16  likely to mislead consumers acting reasonably under the circumstances, and is

17  material. *FTC v. Stefanchik*, 559 F.3d 924, 928 (9th Cir. 2009); *FTC v.*

18  *Cyberspace.com, LLC*, 453 F.3d 1196, 1199-1200 (9th Cir. 2006).

19      8.     The TSR prohibits sellers and telemarketers from misrepresenting,

20  directly or by implication, in the sale of goods or services, any material aspect of

21  the performance, efficacy, nature, or central characteristics of the goods or services

22  that are the subject of a sales offer.  16 C.F.R. § 310.3(a)(2)(iii).

23      9.     The TSR also prohibits sellers and telemarketers from

24  misrepresenting, directly or by implication, in the sale of goods or services, any

25  material aspect of the nature or terms of the seller's refund, cancellation, exchange,

26  or repurchase policies.  16 C.F.R. § 310.3(a)(2)(iv).

27      10.    The TSR also prohibits sellers and telemarketers from failing to

28  disclose truthfully, and in a clear and conspicuous manner, before a customer pays

1  for goods and services offered, all the material terms and conditions of a refund,

2  cancellation, exchange, or repurchase policy, if the seller or telemarketer has such a

3  policy and informs the consumers about such policy.  16 C.F.R. § 310.3(a)(1)(iii).

4      11.   AMS, Rapid Reduction, Bishop, and Rohlf are "persons" as that term

5  is defined in the TSR.  16 C.F.R. § 310.2(v).

6      12.   The TSR also prohibits persons from providing substantial assistance

7  or support to any seller or telemarketer where the person knows or consciously

8  avoids knowing that the seller or telemarketer is engaged in any act or practice that

9  violates Section 310.3(a) of the TSR.  16 C.F.R. § 310.3(b).

10      13.   Under the TSR, an "outbound telephone call" means a telephone call

11  initiated by a telemarketer to induce the purchase of goods or services or to solicit

12  a charitable contribution.  16 C.F.R. § 310.2(u).  Defendants have initiated, or have

13  caused telemarketers to initiate, outbound telephone calls to consumers.

14      14.   Among other things, the 2003 amendments to the TSR established a

15  "do-not-call" registry (the "National Do Not Call Registry" or "Registry"),

16  maintained by the FTC, of the telephone numbers of consumers who do not wish to

17  receive certain types of telemarketing calls.  Consumers can place their telephone

18  numbers on the Registry without charge either through a toll-free telephone call or

19  over the Internet at www.donotcall.gov.

20      15.   The TSR prohibits sellers and telemarketers from initiating an

21  outbound telephone call to numbers on the Registry in violation of the TSR.

22  16 C.F.R. § 310.4(b)(1)(iii)(B).

23      16.   The TSR also prohibits sellers and telemarketers from initiating an

24  outbound telephone call to any person when that person previously has stated that

25  he or she does not wish to receive an outbound telephone call made by or on behalf

26  of the seller whose goods or services are being offered.  16 C.F.R.

27  § 310.4(b)(1)(iii)(A).

28      17.   The TSR requires telemarketers in an outbound telephone call to

Stip. Preliminary Injunction - 4 of 40

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1 disclose truthfully, promptly, and in a clear and conspicuous manner the following

2 information:

3         A.    The identity of the seller;

4         B.    That the purpose of the call is to sell goods or services; and

5         C.    The nature of the goods or services.

6 16 C.F.R. § 310.4(d)(1), (2), and (3).  Amendments to the TSR that became

7 effective on December 1, 2008, also specify that a seller or telemarketer that

8 initiates any outbound telephone call to deliver a prerecorded message must,

9 among other requirements, promptly make these disclosures in the prerecorded

10 message.  16 C.F.R. § 310.4(b)(1)(v)(B)(ii).

11      18.    As amended, effective September 1, 2009, the TSR prohibits initiating

12 a telephone call that delivers a prerecorded message to induce the purchase of any

13 good or service unless the seller has obtained from the recipient of the call an

14 express agreement, in writing, that evidences the willingness of the recipient of the

15 call to receive calls that deliver prerecorded messages by or on behalf of a specific

16 seller.  The express agreement must include the recipient's telephone number and

17 signature, must be obtained after a clear and conspicuous disclosure that the

18 purpose of the agreement is to authorize the seller to place prerecorded calls to

19 such person, and must be obtained without requiring, directly or indirectly, that the

20 agreement be executed as a condition of purchasing any good or service.  16 C.F.R.

21 § 310.4(b)(1)(v)(A).

22      19.    Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C.

23 § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation

24 of the TSR constitutes an unfair or deceptive act or practice in or affecting

25 commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

26      20.    Plaintiff and Defendants agree that the relief set forth herein shall

27 remain in effect until further order of this Court.

28      21.    This Order does not constitute, and shall not be interpreted to

constitute, either an admission by Defendants of any of Plaintiff's allegations, or a finding by the Court that Defendants have engaged in any violations of the FTC Act, the TSR, or any other laws.

ORDER

Definitions

1.     **"Asset" or "Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.     **"Assisting others"** includes but is not limited to: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing or providing marketing or billing services of any kind; (5) acting as an officer or director of a business entity; or (6) providing telemarketing services.

3.     **"Clearly and conspicuously"** means: (1) if presented in writing, the information shall be in type size and location sufficient for an ordinary consumer to read and comprehend it, and shall be disclosed in a manner that would be easily recognizable and understandable in language and syntax to an ordinary consumer. If the information is contained in a multi-page print document, the disclosure shall appear on the first page; (2) if presented orally, the information shall be disclosed in a volume, cadence, and syntax sufficient for an ordinary consumer to hear and comprehend; and (3) nothing contrary to any information disclosed shall be imparted at or near the time of the disclosure.  Further, a subsequent disclosure

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

made orally or in writing only limits or qualifies a prior disclosure and cannot cure a false claim.

4.  **"Corporate Defendants"** refers to Advanced Management Services NW, LLC, also d.b.a. AMS Financial, Rapid Reduction Systems, and Client Services Group ("AMS"); Priority Direct Marketing International ("PDMI"); and Rapid Reduction System's LLC and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

5.  **"Defendants"** means all of the Individual Defendants and Corporate Defendants, individually, collectively, or in any combination.

6.  **"Document" or "Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, digital records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices.  A draft or nonidentical copy is a separate Document within the meaning of the term.

7.  **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8.  **"Individual Defendants"** means Ryan D. Bishop, Michael L. Rohlf, and William D. Fithian by whatever other names each may be known.

9.  **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

10.  **"Mail"** includes but is not limited to all envelopes, papers or other items delivered, whether by United States Mail, United Postal Service, Federal Express, or similar delivery service.

11.  **"National Do Not Call Registry"** means the National Do Not Call

Stip. Preliminary Injunction - 7 of 40

Registry, which is the "do-not-call" registry maintained by the Federal Trade Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

12.    **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

13.    **"Receiver" or "Receivers"** means the temporary receivers appointed in this Order.  The term "receiver" or "receivers" also includes any deputy receivers as may be named by the temporary receivers.

14.    **"Receivership Defendants"** refers to Advanced Management Services NW, LLC, also d.b.a. AMS Financial, Rapid Reduction Systems, and Client Services Group ("AMS"), PDM International, also d.b.a. Priority Direct International, Inc. ("PDMI"), and Rapid Reduction System's LLC ("Rapid Reduction") and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

15.    **"Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(bb).

16.    **"Telemarketing"** means a plan, program, or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310), which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## CONDUCT PROHIBITIONS

### I.  Prohibition Against Misrepresentations of Material Facts and Violations of the Telemarketing Sales Rule

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert

or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the telemarketing, advertising, promoting, marketing, proposed sale, or sale of any product or service, are hereby restrained and enjoined from:

A.     Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to the following:

1.     That consumers who purchase Defendants' credit card interest rate reduction service will have their interest rates reduced substantially;

2.     That consumers who purchase Defendants' credit card interest rate reduction service will save thousands of dollars in a short time as a result of lowered credit card interest rates;

3.     That Defendants will provide full refunds if consumers do not save thousands of dollars as a result of lowered credit card interest rates; and

B.     Violating, or assisting others in violating, any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

1.     Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), by misrepresenting, directly or by implication:

a.     That consumers who purchase Defendants' credit card interest rate reduction service will have their interest rates reduced substantially; and

b.     That consumers who purchase Defendants' credit card interest rate reduction service will save thousands of dollars in a short time as a result of lowered credit card

Stip. Preliminary Injunction - 9 of 40

Case 2:10-cv-00148-LRS   Document 27   Filed 06/10/10

interest rates;

2. Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv), by misrepresenting, directly or by implication, that Defendants will provide full refunds if consumers do not save thousands of dollars as a result of reduced credit card interest rates;

3. Section 310.3(b) of the TSR, 16 C.F.R. § 310.3(b), by providing substantial assistance or support to PDMI and Fithian, including, but not limited to, fulfillment and customer service, when AMS, Bishop, and Rohlf know or consciously avoided knowing that PDMI and Fithian are misrepresenting, or failing to disclose truthfully in a clear and conspicuous manner, directly or by implication, material information in the sale of their goods or services;

4. Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), by engaging in, or causing a telemarketer to engage in, initiating an outbound telephone call to a person when that person's telephone number is on the National Do Not Call Registry;

5. Section 310.4(b)(1)(iii)(A) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(A), by initiating, or causing a telemarketer to engage in initiating, an outbound telephone call to a person who previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered;

6. Section 310.4(d) of the TSR, 16 C.F.R. § 310.4(d), by failing to disclose truthfully, promptly and in a clear and conspicuous manner the identity of the seller, that the purpose of the call is to sell goods or services, and the nature of the goods or

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    services;

2    7.    Section 310.4(b)(1)(v)(B)(ii) of the TSR, 16 C.F.R.

3        § 310.4(b)(1)(v)(B)(ii), by initiating, or causing a telemarketer

4        to initiate, outbound telephone calls delivering prerecorded

5        messages that do not promptly provide the disclosures required

6        by Section 310.4(d) of the TSR; and

7    8.    Section 310.4(b)(1)(v)(A) of the TSR, 16 C.F.R.

8        § 310.4(b)(1)(v)(A), by initiating, or causing a telemarketer to

9        initiate, outbound telephone calls that deliver a prerecorded

10        message to induce the purchase of any good or service, unless

11        the seller has obtained from the recipient of the call an express

12        agreement, in writing, that:

13        a.    The seller obtained only after a clear and conspicuous

14            disclosure that the purpose of the agreement is to

15            authorize the seller to place prerecorded calls to such

16            person;

17        b.    The seller obtained without requiring, directly or

18            indirectly, that the agreement be executed as a condition

19            of purchasing any good or service;

20        c.    Evidences the willingness of the recipient of the call to

21            receive calls that deliver prerecorded messages by or on

22            behalf of a specific seller; and

23        d.    Includes such person's telephone number and signature.

24    **II. Prohibition Against Failing to Disclose Material Refund Condition**

25        **IT IS FURTHER ORDERED** that Defendants, their officers, agents,

26    servants, employees, and attorneys, and all other persons in active concert or

27    participation with any of them who receive actual notice of this Order by personal

28    service or otherwise, whether acting directly or through any corporation,

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

subsidiary, division, or other device, in connection with the advertising, marketing, promoting, offering for sale, or sale of any debt reduction product, service, or program, are hereby restrained and enjoined from failing to disclose, clearly and conspicuously, prior to the time when a consumer purchases such product, service, or program from Defendants, all information material to a consumer's decision to buy the product, service, or program, including but not limited to failing to disclose, if true, that consumers who do not achieve the guaranteed savings as a result of Defendants negotiating lowered interest rates with consumers' creditors may be denied a full refund if the amount of promised savings potentially can be achieved by following Defendants' payment acceleration plan.

### III. Customer Information

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from:

    A.    Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit or debit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint;

    B.    Benefitting from or using the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit or debit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint.

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1        Provided, however, that Defendants may disclose such financial or

2   identifying personal information to a law enforcement agency or as required by any

3   law, regulation, or court order.

4   **ASSET PROVISIONS**

5   **IV.   Asset Freeze**

6        **IT IS FURTHER ORDERED** that Defendants, and their officers, agents,

7   servants, employees, and attorneys, and all other persons in active concert or

8   participation with any of them, who receive actual notice of this Order by personal

9   service or otherwise, whether acting directly or through any trust, corporation,

10  subsidiary, division, or other device, or any of them, except as provided herein, as

11  stipulated by the parties, or as directed by further order of the Court, are hereby

12  restrained and enjoined from:

13       A.   Transferring, liquidating, converting, encumbering, pledging,

14            loaning, selling, concealing, dissipating, disbursing, assigning,

15            spending, withdrawing, granting a lien or security interest or other

16            interest in, or otherwise disposing of any funds, real or personal

17            property, accounts, contracts, shares of stock, lists of consumer

18            names, or other assets, or any interest therein, wherever located,

19            including outside the territorial United States, that are:

20       1.   owned, controlled, or held by, in whole or in part, for the

21            benefit of, or subject to access by, or belonging to, any

22            Defendant;

23       2.   in the actual or constructive possession of any Defendant; or

24       3.   in the actual or constructive possession of, or owned,

25            controlled, or held by, or subject to access by, or belonging to,

26            any other corporation, partnership, trust, or any other entity

27            directly or indirectly owned, managed, or controlled by, or

28            under common control with, any Defendant, including, but not

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States.

B.   Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C.   Cashing any checks or depositing any payments from customers or clients of Defendants;

D.   Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; or

E.   Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

Notwithstanding the asset freeze provisions of Sections IV.A-E above, and subject to prior written agreement with the Commission, Individual Defendants

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

may, upon compliance with Section VII (Financial Statements and Accounting), *infra*, pay from their individual personal funds reasonable, usual, ordinary, and necessary living expenses.

The funds, property, and assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

### V.  Duties of Third Parties

**IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

    A.    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

    1.    on behalf of, or for the benefit of, any Defendant or any other party subject to Section IV above;

    2.    in any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Section IV above; and

    3.    that are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section IV above.

    B.    Deny Defendants access to any safe deposit boxes or storage facilities that are either:

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1.  titled in the name, individually or jointly, of any Defendant, or other party subject to Section IV above; or

2.  subject to access by any Defendant or other party subject to Section IV above.

C.  Provide the Commission, within five (5) days of the date of service of this Order, a sworn statement setting forth:

1.  The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section IV above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

2.  The balance of each such account, or a description of the nature and value of such asset;

3.  The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Section IV above, whether in whole or in part; and

4.  If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date.

D.  Allow representatives of Plaintiff immediate access to inspect and copy, or upon Plaintiff's request, within five (5) business days of said request, provide the Commission with copies of, all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

applications, account statements, corporate resolutions, signature
cards, checks, drafts, deposit tickets, transfers to and from the
accounts, all other debit and credit instruments or slips, currency
transaction reports, 1099 forms, and safe deposit box logs; and

E.     This Section shall apply to existing accounts and assets, assets
deposited or accounts opened after the effective date of this Order,
and any accounts or assets maintained, held or controlled two years
prior to the effective date of this Order.  This Section shall not
prohibit transfers in accordance with any provision of this Order, any
further order of the Court, or by written agreement of the parties.

## VI.   Repatriation of Assets and Documents

**IT IS FURTHER ORDERED** that, to the extent they have not already done
so, Defendants shall:

A.     Within three (3) business days following service of this Order,
take such steps as are necessary to repatriate to the territory of the
United States of America all Documents and Assets that are located
outside such territory and are held by or for Defendants or are under
the direct or indirect control of Defendants, jointly, severally, or
individually;

B.     Within three (3) business days following service of this Order,
provide Plaintiff with a full accounting of all Documents and Assets
that are located outside of the territory of the United States of America
or that have been transferred to the territory of the United States of
America pursuant to Subsection A above and are held by or for any
Defendant or are under any Defendant's direct or indirect control,
jointly, severally, or individually, including the addresses and names
of any foreign or domestic financial institution or other entity holding

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

the Documents and Assets, along with the account numbers and
balances;

C.    Hold and retain all such Documents and Assets and prevent any
transfer, disposition, or dissipation whatsoever of any such
Documents or Assets; and

D.    Within three (3) business days following service of this Order,
provide Plaintiff access to Defendants' records and Documents held
by Financial Institutions or other entities outside the territorial United
States, by signing and delivering to Plaintiff's counsel the Consent to
Release of Financial Records attached to this Order as Attachment A.

## RECORD KEEPING PROVISIONS

### VII.   Financial Statements and Accounting

**IT IS FURTHER ORDERED** that, to the extent they have not already done
so, within five (5) business days following the service of this Order:

A.    Each Individual Defendant shall prepare and deliver to counsel
for the Commission a completed financial statement on the form
captioned "Financial Statement of Individual Defendant," which was
attached to the Temporary Restraining Order as Attachment B;

B.    Unless otherwise agreed upon with Counsel for the
Commission and the Receivers, Defendants shall also prepare and
deliver to Counsel for the Commission a completed financial
statement on the form captioned "Financial Statement of Corporate
Defendant," which was attached to the Temporary Restraining Order
as Attachment C, for each Corporate Defendant, Advanced
Management Services NW LLC; PDM International, Inc.; and Rapid
Reduction System's LLC, and for each business entity owned,
controlled or managed by the Individual Defendants, regardless of

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

whether it is a defendant in this case.  The financial statements shall be accurate as of the date and time of entry of this Order; and

C.     Each Defendant shall also prepare and deliver to Counsel for the Commission:

1.     A completed statement, verified under oath:

    a.     specifying the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes.  Said statements shall include assets held in foreign as well as domestic accounts; and

    b.     listing all person who have received payments, transfers, or assignment of funds, assets, or property which total $10,000 or more in any twelve-month period since January 1, 2008.  This list shall specify: (a) the amount(s) transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the assignment or transfer; and (d) the type and amount of consideration paid to the Defendant;

2.     For each credit card interest rate reduction service, product, or program advertised, marketed, promoted, offered for sale, or sold by the Defendants, a detailed accounting, verified under oath, of:

    a.     all gross revenues obtained from the sale of each such service, product, or program (broken down by month and year) from January 1, 2008, through the date of the issuance of this Order;

    b.     all net profits obtained from the sale of each such service, product, or program (broken down by month and year)

Stip. Preliminary Injunction - 19 of 40

from January 1, 2008, through the date of the issuance of
this Order;

c.    the total amount of each such service, product, or
program sold (broken down by month and year) from
January 1, 2008, through the date of the issuance of this
Order; and

d.    the full names, addresses, and telephone numbers of all
purchasers or recipients of each such service, product, or
program, and the amount paid by each from January 1,
2008, through the date of the issuance of this Order.

**VIII. Records Maintenance and New Business Activity**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents,
servants, employees, and attorneys, and all other persons in active concert or
participation with any of them, who receive actual notice of this Order by personal
service or otherwise, whether acting directly or through any trust, corporation,
subsidiary, division, or other device, or any of them, are hereby restrained and
enjoined from:

A.    Failing to create and maintain books, records, accounts, bank
statements, current accountants' reports, general ledgers, general
journals, cash receipt ledgers, cash disbursement ledgers and source
documents, documents indicating title to real or personal property,
and any other data which, in reasonable detail, accurately, fairly and
completely reflect the incomes, disbursements, transactions,
dispositions, and uses of the Defendants' assets;

B.    Destroying, erasing, mutilating, concealing, altering,
transferring, or otherwise disposing of, in any manner, directly or
indirectly, any Documents, including electronically stored materials,

that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.    Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

### RECEIVERSHIP PROVISIONS

### IX.  Continued Appointment of Temporary Receivers

**IT IS FURTHER ORDERED** that **Ford Elsaessar**, of Elsaesser Jarzabek Anderson Marks & Elliot Chtd., shall continue as Temporary Receiver for Receivership Defendants AMS and Rapid Reduction, and **Dennis Roossien**, of Munsch Hardt Kopf & Harr, P.C., shall continue as Temporary Receiver for Receivership Defendant PDMI, each with the full power of an equity receiver. Each receiver shall be an agent of this Court in acting as a Receiver under this Order and shall be accountable directly to this Court.  The Receivers shall comply with all Rules of this Court governing receivers.  It is understood, given the nature of this assignment, that the Receivers may conclude that there are insufficient assets in the receivership or that other factors warrant withdrawal of the Receivers in accordance with Section XIX of this Order.

### X.  Access to Receivership Defendants' Business Premises

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

**IT IS FURTHER ORDERED** that each Receiver and his representatives and agents shall have complete and continuing access to any business premises of the relevant Receivership Defendant, and complete and continuing access to any other location where the relevant Receivership Defendant has conducted business and where property or business records are likely to be located. Such business premises locations specifically include, but are not limited to, the offices and facilities of one or more of the Receivership Defendants at 154 S. Madison Street, Suite 200, Spokane, WA 99201, 19 W. Pacific, Spokane, WA 99201, 114 W. Pacific, Spokane, WA 99201, 9500 Ray White, Fort Worth, TX 76244, and 2132 L Don Dodson Drive, Bedford, TX 76021; and any storage facility each Receiver learns is being used to store records of the relevant Receivership Defendant.

> A.    The purpose of such access is to implement and carry out each Receiver's duties set forth in Section XI, *infra*, and to inspect and inventory all of the relevant Receivership Defendant's property, assets and documents and inspect and copy any documents relevant to this action. Each Receiver and those specifically designated by the Receiver shall have the right to remove the above-listed documents from those premises in order that they may be inspected, inventoried, and copied.

> B.    Each Receiver shall allow the Commission's representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to the premises of the relevant Receivership Defendant. The purpose of this access shall be to inspect and copy any and all books, records, accounts, and other property, including computer data, owned by or in the possession of the relevant Receivership Defendant.

> C.    Each Receiver is authorized to provide continued access to the relevant Receivership Defendant's business premises to law

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

enforcement officers, as he deems fit; and to refer to those law
enforcement officers any documents or information that may appear to
be relevant to their duties.

### XI. Receivership Duties

**IT IS FURTHER ORDERED** that each Receiver is directed and authorized
to accomplish the following:

      A.    Assume full control of the relevant Receivership Defendant by
removing, as the Receiver deems necessary or advisable, any director,
officer, independent contractor, employee or agent of the Receivership
Defendant, including any Defendant, from control of, management of,
or participation in, the affairs of the Receivership Defendant;

      B.    Take and maintain exclusive custody, control, and possession of
all assets and documents of, or in the possession or custody or under
the control of, the relevant Receivership Defendant, wherever situated,
including without limitation all paper documents and all electronic
data and devices that contain or store electronic data including but not
limited to computers, laptops, data storage devices, back-up tapes,
DVDs, CDs, and thumb drives and all other external storage devices
and, as to equipment in the possession or under the control of the
Individual Defendants, all PDAs, smart phones, cellular telephones,
and similar devices issued or paid for by the Receivership Defendant.
Each Receiver shall be deemed to be the authorized responsible
person to act on behalf of the relevant Receivership Defendant and,
subject to further order of the Court, shall have the full power and
authority to take all corporate actions, including but not limited to, the
filing of a petition for bankruptcy as the authorized responsible person
as to the relevant Receivership Defendant, dissolution of the
Receivership Defendant, and sale of the Receivership Defendant.

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

Each Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the relevant Receivership Defendant and other persons or entities whose interests are now held by or under the direction, possession, custody or control of the Receivership Defendant; *provided, however*, that the Receiver shall seek further authority from the Court, after providing notice to the Plaintiff, before attempting to collect any debt from a consumer if the Receiver believes the debt was induced by unfair or deceptive practices, including, without limitation, those identified by the FTC in this matter whether in the Complaint or in subsequent filings;

C.    Continue to take all steps necessary to secure the business premises of the relevant Receivership Defendant including, but not limited to, all such premises located at 154 S. Madison Street, Suite 200, Spokane, WA 99201, 19 W. Pacific, Spokane, WA 99201, 114 W. Pacific, Spokane, WA 99201, 9500 Ray White, Fort Worth, TX 76244, and 2132 L Don Dodson Drive, Bedford, TX 76021.  Such steps may include, but are not limited to, the following as each Receiver deems necessary or advisable:  (1) serving this Order on any person or entity; (2) completing a written inventory of receivership assets; (3) obtaining pertinent information from all employees and other agents of the relevant Receivership Defendant including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) video taping all portions of the business premises; (5) changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the business

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

Case 2:10-cv-00148-LRS    Document 27    Filed 06/10/10

premises; (6) requiring any persons present on the business premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendant; and (7) notwithstanding any other provision of this Order, each Receiver shall determine what constitutes reasonable access by other persons or entities to the business premises of the relevant Receivership Defendant;

D.    Investigate, conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets in an effort to prevent any irreparable loss, damage or injury to consumers or to creditors of the relevant Receivership Defendant including, but not limited to, obtaining an accounting of the assets, and preventing transfer, withdrawal or misapplication of assets;

E.    Enter into contracts and purchase insurance as advisable or necessary;

F.    Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the relevant Receivership Defendant;

G.    Manage and administer the business of the relevant Receivership Defendant until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which include retaining, hiring, or dismissing any employees, independent contractors, or agents;

H.    Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists (collectively, "Professionals"), as each Receiver deems advisable or

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

necessary in the performance of duties and responsibilities under the authority granted by this Order, which Professionals shall apply for payment of fees and costs along with the Receiver and be paid from the assets of the receivership estate;

I.    Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order;

J.    Determine and implement the manner in which the relevant Receivership Defendant will comply with, and prevent violations of, this Order and all other applicable laws including, but not limited to, revising sales materials and implementing monitoring procedures;

K.    Institute, compromise, adjust, defend, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that each Receiver deems necessary and advisable to preserve or recover the assets of the relevant Receivership Defendant or that each Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, the filing of a petition for bankruptcy;

L.    Defend, compromise, adjust or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against each Receiver in his or her role as receiver, or against the relevant Receivership Defendant that the Receiver deems necessary and advisable to preserve the assets of the relevant Receivership Defendant, or that each Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, all notwithstanding the Stay of Actions set forth in Section XVI of this Order;

M.    Continue and conduct the business of the relevant Receivership Defendant in such manner, to such extent, and for such duration as the

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

Receiver may in good faith deem to be necessary and advisable to operate the business profitably and lawfully, if at all; *provided, however*, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the business can be lawfully operated at a net profit using the assets of the receivership estate and without resort to any unfair or deceptive practices including, without limitation, those identified as such by the FTC in this matter whether in the Complaint or in subsequent filings; and taking into account, among other things, that the fees and costs of the Receiver and the Professionals must be paid as senior priority administrative expenses of the receivership estate;

N.     Conduct investigations and issue subpoenas to obtain documents and records pertaining to, or in aid of, the receivership, and conduct discovery in this action on behalf of the receivership estate;

O.     Receiver Ford Elsaesser shall maintain one or more bank accounts in the Eastern District of Washington, opened pursuant to the Temporary Restraining Order entered previously, as designated depositories for funds of Receivership Defendants AMS and Rapid Reduction.  Receiver Dennis Roossien shall maintian one or more bank accounts in the Northern District of Texas, opened pursuant to the Temporary Restraining Order entered previously, as designated depositories for funds of Receivership Defendant PDMI.  Each Receiver shall deposit all funds of the relevant Receivership Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

P.     Maintain accurate records of all receipts and expenditures that he or she makes as Receiver; and

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

Q.    Cooperate with reasonable requests for information or
assistance from any state or federal law enforcement agency.

### XII.  Cooperation With The Temporary Receivers

**IT IS FURTHER ORDERED** that the Defendants and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the relevant Receiver.  This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic account, or digital file or telephonic data in any medium; turning over all accounts, files, and records including those in possession or control of attorneys or accountants; and advising all persons who owe money to the Receivership Defendant that all debts should be paid directly to the relevant Receiver. Defendants are hereby temporarily restrained and enjoined from directly or indirectly:

A.    Transacting any of the business of the Receivership Defendant;

B.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendant including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other papers of any kind or nature;

C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendant or the Receiver;

Stip. Preliminary Injunction - 28 of 40

D.   Drawing on any existing line of credit available to Receivership Defendant;

E.   Excusing debts owed to the Receivership Defendant;

F.   Failing to notify the relevant Receiver of any asset, including accounts, of the Receivership Defendant held in any name other than the name of any Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the relevant Receiver in connection with obtaining possession, custody or control of such assets;

G.   Doing any act that would, or failing to do any act which failure would, interfere with the relevant Receiver's taking custody, control, possession, or management of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendant; or to refuse to cooperate with the relevant Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; and

H.   Filing, or causing to be filed, any petition on behalf of the Receivership Defendant for relief under the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (2002), without prior permission from this Court.

## XIII.  Delivery of Receivership Property

**IT IS FURTHER ORDERED** that:

A.   Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Defendants or any

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

other person or entity shall transfer or deliver possession, custody, and control of the following to the relevant Receiver:

1. All assets of the Receivership Defendant, including, without limitation, bank accounts, web sites, buildings or office space owned, leased, rented, or otherwise occupied by the Receivership Defendant;

2. All documents of the Receivership Defendant, including, but not limited to, books and records of accounts, legal files (whether held by Defendants or their counsel) all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, and other papers;

3. All of the Receivership Defendant's accounting records, tax records, and tax returns controlled by, or in the possession of, any bookkeeper, accountant, enrolled agent, licensed tax preparer or certified public accountant;

4. All loan applications made by or on behalf of Receivership Defendant and supporting documents held by any type of lender including, but not limited to, banks, savings and loans, thrifts or credit unions;

5. All assets belonging to members of the public now held by the Receivership Defendant; and

6. All keys and codes necessary to gain or secure access to any assets or documents of the Receivership Defendant including, but not limited to, access to their business premises, means of communication, accounts, computer systems or other property;

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

30

B.     In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document or other thing and to deliver it to the Receiver.

## XIV.  Transfer of Funds to the Temporary Receivers

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, leasing companies, landlords, ISOs, credit and debit card processing companies, insurance agents, insurance companies, commodity trading companies or any other person, including relatives, business associates or friends of the Defendants, or their subsidiaries or affiliates, holding assets of the Receivership Defendant or in trust for Receivership Defendant shall cooperate with all reasonable requests of each Receiver relating to implementation of this Order, including freezing and transferring funds at his or her direction and producing records related to the assets of the relevant Receivership Defendant.

## XV.  Collection of Receivership Defendants' Mail

**IT IS FURTHER ORDERED** that:

A.     All Defendants are hereby restrained and enjoined from opening mail addressed to any of the Receivership Defendants, including but not limited to such mail at the following addresses:

1.     154 S. Madison Street, Suite 200, Spokane, WA 99201;

2.     2132 L Don Dodson Drive, Bedford, TX 76021;

3.    19 W. Pacific, Spokane, WA 99201;

4.    114 W. Pacific, Spokane, WA 99201;

5.    9500 Ray White, Fort Worth, TX 76244; and

6.    Any address used by any of the Individual Defendants;

B.    Each Receiver is authorized to open all such mail addressed to the relevant Receivership Defendant.

C.    Any funds enclosed in any mail shall be maintained and accounted for by the Receiver until further order by the Court.

D.    Any Defendant who receives mail or any delivery addressed to any Receivership Defendant shall promptly deliver it to the relevant Receiver.

Each Receiver shall forward unopened all mail that they receive on behalf of the Receivership Defendant that is addressed solely to an Individual Defendant to the Individual Defendant at his or her last known address.

## XVI.  Stay of Actions

**IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other persons and entities aside from the Receivers are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

Stip. Preliminary Injunction - 32 of 40

2.      Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody or control of any asset; attempting to foreclose, forfeit, alter or terminate any interest in any asset, whether such acts are part of a judicial proceeding or are acts of self-help or otherwise;

3.      Executing, issuing, serving or causing the execution, issuance or service of, any legal process including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; and

4.      Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants;

B.      This Order does not stay:

1.      The commencement or continuation of a criminal action or proceeding;

2.      The commencement or continuation of an action or proceeding by a governmental unit, including without limitation the Federal Trade Commission, to enforce such governmental unit's police or regulatory power;

3.      The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

4.      The issuance to a Receivership Defendant of a notice of tax

deficiency; and

C.      Except as otherwise provided in this Order, all persons and

entities in need of documentation from the Receiver shall in all

instances first attempt to secure such information by submitting a

formal written request to the relevant Receiver, and, if such request

has not been responded to within 30 days of receipt by the Receiver,

any such person or entity may thereafter seek an Order of this Court

with regard to the relief requested.

## XVII.  Compensation of Temporary Receivers

**IT IS FURTHER ORDERED** that each Receiver and his Professionals and

all personnel hired by the Receiver as herein authorized, including counsel to the

Receiver and accountants, are entitled to reasonable compensation for the

performance of duties pursuant to this Order and for the cost of actual out-of-

pocket expenses incurred by them, which compensation shall be derived

exclusively from the assets now held by, or in the possession or control of, or

which may be received by, the relevant Receivership Defendant or which are

otherwise recovered by the Receiver.  Each Receiver and Professional shall file

with the Court and serve on the parties statements on a monthly basis, which shall

include a description of all services provided and expenses incurred, with the first

such statement filed no later than 30 days after the date of this Order.  If no

objection to the fees and expenses in the statements is filed with the Court by any

party within 14 days of service of the statements, then the Receiver shall be

authorized to pay such statements on an interim basis, with final approval thereof

to be reserved until the closing of the case.  The Receiver shall not increase the

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  hourly rates used as the bases for such fee applications without prior approval of
2  the Court.

### XVIII.  Temporary Receivers' Bond/Liability

4      **IT IS FURTHER ORDERED** that no bond shall be required in connection
5  with the appointment of each Receiver.  Except for an act of gross negligence, the
6  Receiver and the Professionals shall not be liable for any loss or damage incurred
7  by any of the Defendants, their officers, agents, servants, employees and attorneys
8  or any other person, by reason of any act performed or omitted to be performed by
9  the Receiver and the Professionals in connection with the discharge of his or her
10  duties and responsibilities, including but not limited to their withdrawal from the
11  case under Section XIX.

### XIX.  Withdrawal of Temporary Receivers

13      **IT IS FURTHER ORDERED** that each Receiver and any Professional
14  retained by the Receiver, including but not limited to his or her attorneys and
15  accountants, be and are hereby authorized to withdraw from his respective
16  appointments or representations and apply for payment of their professionals fees
17  and costs at any time after the date of this Order, for any reason in their sole and
18  absolute discretion, by sending written notice seven (7) days prior to the date of the
19  intended withdrawal to the Court and to the parties along with a written report
20  reflecting the Receiver's work, findings, and recommendations, as well as an
21  accounting for all funds and assets in possession or control of the Receiver.  The
22  Receiver and Professionals shall be relieved of all liabilities and responsibilities,
23  and the Receiver shall be exonerated and the receivership deemed closed seven (7)
24  days from the date of the mailing of such notice of withdrawal.  The Court will
25  retain jurisdiction to consider the fee applications, report, and accounting
26  submitted by the Receiver and the Professionals.  The written notice shall include
27  an interim report indicating the Receiver's actions and reflect the knowledge

28

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

gained along with the fee applications of the Receiver and his or her Professionals. The report shall also contain the Receiver's recommendations, if any.

### XX.  Expedited Discovery

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), Plaintiff is granted leave, at any time after entry of this Order to:

> A.    Take the deposition of any person or entity, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

> B.    Demand the production of documents from any person or entity, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours notice shall be deemed sufficient for the

production of any such documents that are maintained or stored only as electronic data. The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A) or the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Washington. Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XXI of this Order.

## XXI.    Service of this Order

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of Plaintiff, by agents or employees of the Receivers, by any law enforcement agency, or by private process server, upon any Person, Financial Institution, or other entity that may have possession or control of any property, property right, document, or asset of any Defendant, or that may be subject to any provision of this Order. Service upon any branch or office of any Financial Institution or entity shall effect service upon the entire financial institution or entity.

## XXII.    Distribution of Order by Defendants

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, telemarketers, independent contractors, and any other Persons in active concert or participation with them.

1   Within five (5) calendar days following service of this Order by Plaintiff, each

2   Defendant shall file with this Court and serve on Plaintiff, an affidavit identifying

3   the names, titles, addresses, and telephone numbers of the persons and entities

4   Defendants have served with a copy of this Order in compliance with this

5   provision.

## XXIII.  Consumer Reporting Agencies

7   **IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair

8   Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may

9   furnish a consumer or credit report concerning any Defendant to Plaintiff.

## XXIV.  Correspondence with and Notice to Plaintiff

11  **IT IS FURTHER ORDERED** that for purposes of this Order, all

12  correspondence and pleadings to the Commission shall be addressed to:

> Mary T. Benfield
> Federal Trade Commission
> 915 Second Avenue, Suite 2896
> Seattle, WA 98174
> (206) 220-6350 [telephone]
> (206) 200-6366 [facsimile]
> mbenfield@ftc.gov

## XXV.  Retention of Jurisdiction

18  **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

19  matter for all purposes.

21  SO ORDERED this 11 day of _____June_____, 2010.

> Lonny R. Suko
> United States District Judge

1 | Submitted by:

2 | WILLARD K. TOM
General Counsel

3 | ROBERT J. SCHROEDER
Regional Director

4 |

5 | *Mary T. Benfield*

6 | MARY T. BENFIELD
MIRY KIM

7 | Attorneys for Plaintiff
Federal Trade Commission

8 |

9 |

10 | WILLIAM D. FITHIAN
3307 Huntington Drive

11 | Colleyville, TX 76034
Tel.: 817-235-7505

12 | Individually and as an
officer of PDM International, Inc.

13 |

14 | *James McGee*

15 | JAMES MCGEE
Munsch, Hardt, Kopf & Harr, P.C.

16 | 3800 Lincoln Plaza
500 N. Akard Street

17 | Dallas, TX 75201-6659
Tel.: 214-855-7515

18 | Fax: 214-978-5353
Attorney for Dennis L. Roosien, Jr., Receiver,

19 | and Defendant PDM International, Inc.

20 |

21 | DENNIS L. ROOSIEN, JR.

22 | Munsch, Hardt, Kopf & Harr, P.C.
3800 Lincoln Plaza

23 | 500 N. Akard Street
Dallas, TX 75201-6659

24 | Tel.: 214-855-7535
Fax: 214-978-5353

25 | Receiver for PDM International, Inc.

26 |

27 |

28 |

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 320-6350

Case 2:10-cv-00148-LRS   Document 34   Filed 06/11/10

Case 2:10-cv-00148-LRS  Document 27   Filed 06/10/2010 03:17PM P2

FROM :
FEB-10-2007 10:59 AM

8173545488

8173545488

P. 1

1 | Submitted by:

2 | WILLARD K. TOM
General Counsel
3 | ROBERT J. SCHROEDER
Regional Director

4

5

6 | MARY T. BENFIELD
MIRY KIM
7 | Attorneys for Plaintiff
Federal Trade Commission

8

9

10 | WILLIAM D. FITHIAN
3307 Huntington Drive
11 | Colleyville, TX 76034
Tel.: 817-235-7505
12 | Individually and as an
officer of PDM International, Inc.

13

14

15 | JAMES MCGEE
Munsch, Hardt, Kopf & Harr, P.C.
16 | 3800 Lincoln Plaza
500 N. Akard Street
17 | Dallas, TX 75201-6659
Tel.: 214-855-7515
18 | Fax: 214-978-5353
Attorney for Dennis L. Roosien, Jr., Receiver,
19 | and Defendant PDM International, Inc.

20

21 | DENNIS L. ROOSIEN, JR.
Munsch, Hardt, Kopf & Harr, P.C.
22 | 3800 Lincoln Plaza
500 N. Akard Street
23 | Dallas, TX 75201-6659
Tel.: 214-855-7535
24 | Fax: 214-978-5353
Receiver for PDM International, Inc.
25

26

27

28

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

39

1

2

3

*EOWEN ROSENTRATER*

4  EOWEN ROSENTRATER
   Law Office of Eowen S. Rosentrater, PLLC

5  108 N Washington St, Ste 402
   Spokane, WA 99201-5001

6  Tel: (509) 868-5389
   Fax: (509) 271-3432

7  erosentrater@gmail.com
   Attorney for Defendants

8  Advanced Management Services NW LLC;
   Rapid Reduction System's LLC;

9  Ryan David Bishop; and Michael L. Rohlf

10

11  RYAN D. BISHOP
    Individually and as an owner

12  and member of Advanced Management
    Services NW LLC and

13  Rapid Reduction's LLC

14

15

16  MICHAEL L. ROHLF
    Individually and as an owner

17  and member of Advanced Management
    Services NW LLC and

18  Rapid Reduction's LLC

19

20

21

22

23

24

25

26

27

28

Stip. Preliminary Injunction - 40 of 40

1

2

3

EOWEN ROSENTRATER
Law Office of Eowen S. Rosentrater, PLLC
108 N Washington St, Ste 402
Spokane, WA 99201-5001
Tel: (509) 868-5389
Fax: (509) 271-3432
erosentrater@gmail.com
Attorney for Defendants
Advanced Management Services NW LLC;
Rapid Reduction System's LLC;
Ryan David Bishop; and Michael L. Rohlf

9

10

RYAN D. BISHOP
Individually and as an owner
and member of Advanced Management
Services NW LLC and
Rapid Reduction's LLC

14

15

MICHAEL L. ROHLF
Individually and as an owner
and member of Advanced Management
Services NW LLC and
Rapid Reduction's LLC

18

FORD ELSAESSER
Elsaesser Jarzabek Anderson Elliott & Macdonald, Chtd.
102 South Euclid Avenue, Suite 307
P. O. Box 1049
Sandpoint, Idaho 83864
Phone: (208) 263-8517
Fax: (208) 263-0759
Mobile: (208) 661-5773
ford@ejame.com
Receiver for Advanced Management Services NW LLC
and Rapid Reduction System's LLC,
(by Douglas J. Siddoway, Attorney for Receiver)

26

27

28

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

40