1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Civil No. CV-10-0148-LRS |
| Plaintiff, | |
| v. | |
| ADVANCED MANAGEMENT SERVICES NW LLC, also d.b.a. AMS Financial, Rapid Reduction Systems, and Client Services Group, a Washington limited liability company; | STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO PDM INTERNATIONAL, INC. AND WILLIAM D. FITHIAN |
| PDM INTERNATIONAL, INC., also d.b.a. Priority Direct Marketing International, Inc., a Delaware corporation; | |
| RAPID REDUCTION SYSTEM'S, LLC, a Delaware limited liability company; | |
| Ryan David Bishop; | |
| Michael L. Rohlf; and | |
| William D. Fithian, | |
| Defendants. | |

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN

On May 10, 2010, Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint to secure temporary, preliminary and permanent injunctive and other equitable relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, for Defendants' acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with the marketing and sale of credit card interest rate reduction products and services.  The same day, the Court entered a Temporary Restraining Order ("TRO"), which appointed Receivers for the Corporate Defendants and enjoined Defendants from, among other things, misrepresenting their products and services, violating the TSR, and disposing of their assets.  The TRO was extended until June 25, 2010, by stipulation of all parties, and on June 11, 2010, a Stipulated Preliminary Injunction was entered as to all parties.

Plaintiff FTC, Defendant PDM International, Inc., also d.b.a. Priority Direct Marketing International, Inc. ("PDMI"), represented by the attorneys named below, and Defendant William D. Fithian, *pro se*, have agreed to entry of this Stipulated Final Judgment and Order for Permanent Injunction ("Order").

**NOW, THEREFORE**, Plaintiff Federal Trade Commission and Defendants PDMI and Fithian ("Stipulating Defendants") having requested the Court to enter this Order,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

**FINDINGS**

1.      This Court has jurisdiction over the subject matter and the parties.

2.      Venue is proper in the Eastern District of Washington.

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN            2

3.     The activities of Defendants are or were in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.     Defendants are telemarketers or sellers for purposes of the TSR.

5.      The Complaint states a claim upon which relief may be granted against all Defendants under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b; and under the TSR, 16 C.F.R. Part 310.

6.     Stipulating Defendants waive: (a) any right to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that they may have against the Commission, its employees, representatives, or agents; (c) any claim under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any right to attorney's fees that may arise under said provision of law.  The Commission and Stipulating Defendants shall each bear their own costs and attorney's fees incurred in this action.

7.     This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

8.     Entry of this Order is in the public interest.

9.     This Order is for settlement purposes only, and does not constitute an admission by Stipulating Defendants or a finding that the law has been violated as alleged in the Complaint, or that the facts alleged in the Complaint, other than the jurisdictional facts, are true.

10.    Stipulating Defendants have entered into this Order freely and without coercion.  Stipulating Defendants acknowledge that they have read the provisions of this Order, understand them, and are prepared to abide by them.

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN          3

ORDER

Definitions

1.    **"Asset" or "Assets"** means any legal or equitable interest in, right to, or claim to any real or personal property including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.    **"Assisting others"** includes but is not limited to: (1) performing customer service functions including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing or providing marketing or billing services of any kind; (5) acting as an officer or director of a business entity; (6) providing telemarketing services; or (7) providing a merchant account for processing charges.

3.    "**Defendants**" means Advanced Management Services NW LLC, also d.b.a. AMS Financial, Rapid Reduction Systems, and Client Services Group ("AMS"); PDM International, Inc., also d.b.a. Priority Direct Marketing International, Inc. ("PDMI"); Rapid Reduction System's, LLC ("Rapid Reduction"); Ryan David Bishop; Michael L. Rohlf, and William D. Fithian, individually, collectively, or in any combination.

4.    **"Debt Relief Service"** means any product or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN            4

creditors or debt collectors including, but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor or debt collector.

5. **"Document" or "Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, digital records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices.  A draft or nonidentical copy is a separate Document within the meaning of the term.

6. **"Financial Institution"** means any bank, savings and loan institution, credit union, or financial depository of any kind including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

7. **"Financial related product or service"** means any product or service represented, directly or by implication, to:

> 1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving credit, debit, or stored value cards;
>
> 2. improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;
>
> 3. provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating;
>
> 4. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving a loan or other extension of credit; or
>
> 5. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented,

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN          5

expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

8. **"Stipulating Defendants"** means PDM International, Inc., also d.b.a. Priority Direct Marketing International, Inc.; and William D. Fithian.

9. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

10. **"Mail"** includes, but is not limited, to all envelopes, papers or other items delivered, whether by United States Mail, United Postal Service, Federal Express, or other delivery service.

11. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

12. **"Receiver"** means the receiver, Dennis L. Roossien, Jr., who was appointed receiver over PDMI by prior Order. The term "receiver" also includes any deputy receivers that were named by the receiver.

13. **"Telemarketing"** means a plan, program, or campaign, whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310, which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## <u>ORDER</u>

## I.  PERMANENT BAN ON TELEMARKETING

**IT IS THEREFORE ORDERED** that Stipulating Defendants, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any

of them, are hereby permanently restrained and enjoined from telemarketing or assisting others engaged in telemarketing.

## II.    PERMANENT BAN ON MARKETING DEBT RELIEF SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendants, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from engaging in, participating in, or assisting others in the marketing, advertising, promoting, offering for sale, or sale of Debt Relief Services.

## III.   PROHIBITED PRACTICES RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial related good or service, are hereby permanently restrained and enjoined from:

A.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

  1.    The terms or rates that are available for any loan or other extension of credit, including but not limited to:

    a.    Closing costs or other fees;

    b.    The payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN          7

payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

c.    The savings associated with the credit;

d.    The amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

e.    Whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

f.    That the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

g.    That the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

2.    That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

3.    Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

4.    Any aspect of any mortgage loan modification service or foreclosure relief service, including, but not limited to, the amount of

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN          8

savings or reduction in interest rate, loan principal, or monthly payment that a consumer will receive from purchasing, using, or enrolling in such mortgage loan modification service or foreclosure relief service; the amount of time before a consumer will receive a mortgage loan modification or relief from foreclosure; the likelihood that a consumer will obtain a modified mortgage loan or relief from foreclosure; or the reduction or cessation of collection calls; or

     5.    That a consumer will receive legal representation;

B.    Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## IV.  PROHIBITED PRACTICES RELATING TO ANY GOODS OR SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale or sale of any good, service, plan, or program, are hereby permanently restrained and enjoined from:

A.    Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

     1.    Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or

the circumstances in which a full or partial refund will be granted to the consumer;

2.     That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; or public, non-profit, non-commercial, or other program;

3.     The total costs to purchase, receive, or use, or the quantity of, the good or service;

4.     Any material restriction, limitation, or condition on purchasing, receiving, or using the good or service; and

5.     Any material aspect of the performance, efficacy, nature, or characteristics of the good or service;

B.     Failing to disclose truthfully, and in a clear and conspicuous manner, before a customer pays for goods or services offered, all the material terms and conditions of a refund, cancellation, exchange, or repurchase policy.

## V.    MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

Judgment is hereby entered in favor of the Commission and against Stipulating Defendants for equitable monetary relief, including, but not limited to, consumer redress, in the amount of thirteen million, seven hundred seventy-eight thousand, four hundred U.S. Dollars ($13,778,400), the total amount of consumer injury attributable to the activities of the Stipulating Defendants alleged in the Commission's Complaint.  Of that amount, the Stipulating Defendants are jointly and severally liable with Defendants AMS, Ryan David Bishop, and Michael L. Rohlf for eight million, one hundred twenty-nine thousand, nine hundred eighty U.S. Dollars ($8,129,980.00).  *Provided*, *however*, that the Judgment against the Stipulating Defendants for equitable monetary relief shall be suspended upon the

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN          10

satisfaction of the obligations imposed by Subsections A through H of this Section, and subject to the conditions set forth in Section VI of this Order;

A.    Stipulating Defendants shall relinquish and turn over to the Receiver within five (5) days of entry of this Order all dominion, control, and title to any and all assets of PDMI; Pinnacle Dynamic Marketing, Inc.; and New Dimensions B2B, Inc.; to a 2001 Lexus LS430; and to any assets currently in the possession of the Receivership estate, including funds previously transferred from an account of William D. Fithian, d.b.a. I-Net Yellow Pages, to the Receiver's account pursuant to this Court's Order of July 23, 2010. Within five (5) days of completion of the transfers set forth in this Subsection V.A, the Receiver shall issue from the PDMI receivership account a check in the amount of five thousand U.S. dollars ($5,000) payable to Stipulating Defendant William D. Fithian so that he may purchase a motor vehicle.

B.    The Receiver and the Stipulating Defendants hereby assign to the Commission all of their rights, title, and interest to reserve account funds or funds from the merchant accounts in the names of: (i) PDM International, Inc.; (ii) PDM International Yellow Pages; (iii) PDM International 2; (iv) Elite PDM 8669043983; (v) PDM International 8773545485; (vi) PDM International 3; (vii) PDM International 4;  and (viii) PDM International 5, including but not limited to the merchant accounts ending in 544500, 544526, 781276, 840635, 881779, 848752, 885846 and 956001, pursuant to the Merchant Processing Agreement(s), if any, by and among Stipulating Defendants and one or more of Cynergy Data, LLC; Moneris Solutions, Inc.; Harris Bank; Pivotal Processing; and/or any other merchant credit card processor.  The Receiver and the Stipulating Defendants shall take all steps necessary to effectuate this assignment.

C.    Time is of the essence for the payments specified above.  In the event of any default by the Stipulating Defendants on any obligation imposed under this

Section V, including, but not limited to, the failure to timely and completely fulfill their payment obligations:

      1.    The judgment imposed herein as to the Stipulating Defendants will not be suspended, and the full amount of that Judgment ($13,778,400) shall immediately become due and payable, plus interest from the date of entry of this Order pursuant to 28 U.S.C. § 1961, as amended, less any amounts already paid; and

      2.    The Commission shall be entitled to immediately exercise any and all rights and remedies against Stipulating Defendants and their assets to collect the full amount of the judgments and interest thereon, less any amounts already paid;

     D.    All funds paid, collected, and/or recovered pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief.  Defendants shall cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order.  If the Commission determines, in its sole discretion, that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Stipulating Defendants shall have no right to challenge the Commission's choice of remedies under this Part D. Stipulating Defendants shall have no right to contest the manner of distribution chosen by the Commission.  This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture;

E.    In accordance with 31 U.S.C. § 7701, as amended, Stipulating Defendants are hereby required, unless they already have done so, to furnish to the Commission their taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Stipulating Defendants' relationship with the government.  Defendant William D. Fithian is further required, unless he has already done so, to provide the Commission with a clear, legible and full-size photocopy of a valid driver's license, which will be used for reporting and compliance purposes;

F.    Stipulating Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Stipulating Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

G.    Stipulating Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case.  Stipulating Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes;

H.    Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN          13

## VI.   RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.      Plaintiff's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendants' financial condition, as represented in the Financial Disclosure Statements and attachments of Defendants William D. Fithian, dated May 14, 2010, and PDM International, Inc., dated May 17, 2010, which contain material information upon which Plaintiff relied in negotiating and agreeing to the terms of this Order;

B.      If, upon motion by the FTC, the Court finds that any Stipulating Defendant failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the Stipulating Defendant's financial statement or supporting documents, the Court will lift the suspension of the judgment against the Stipulating Defendants, in favor of the Commission, and the entire judgment as to the Stipulating Defendants, less any amount previously paid, shall become immediately due and payable as to the Stipulating Defendants. *Provided*, *however*, that, in all other respects, this Order shall remain in full force and effect, unless otherwise ordered by the Court;

C.      Any proceedings instituted under this Section shall be in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law including, but not limited to, contempt proceedings, or any other proceedings that the Commission or the United States might initiate to enforce this Order.  For purposes of this Section, the Stipulating Defendants waive any right to contest any of the allegations in the Commission's Complaint.

## VII.   CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN          14

Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, are permanently restrained and enjoined from:

A.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to an account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with the marketing of any debt relief service or telemarketing calls delivering prerecorded messages; and

B.    Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VIII.    PROHIBITION ON COLLECTING ON ACCOUNTS

**IT IS FURTHER ORDERED** that Stipulating Defendants, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any Defendant's Debt Relief Service.

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN            15

## IX.    DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the assets of Stipulating Defendants shall remain in effect until they have taken all of the actions required by Section V above; *provided, however,* that Stipulating Defendants, with the express written consent of counsel for the Commission, may transfer funds to the extent necessary to make all payments required by Section V.  Once Defendants have fully complied with the requirements of Section V, the freeze against the assets of Stipulating Defendants shall be lifted permanently.  A financial institution shall be entitled to rely upon a letter from Plaintiff stating that the freeze on the assets of Stipulating Defendants has been lifted.

## X.    RECEIVERSHIP

**IT IS FURTHER ORDERED** that the appointment of Receiver Dennis L. Roossien, Jr., as to Corporate Defendant PDMI, pursuant to the Temporary Restraining Order entered on May 10, 2010, and extended on May 14, 2010, and the Stipulated Preliminary Injunction entered on June 11, 2010, is hereby continued in full force and effect except as modified by this Section.  The Receiver shall complete liquidation of all assets of PDMI.  Upon liquidation of the assets of PDMI, the Receiver shall submit his final report and application for fees and expenses, and upon approval of the same by the Court, shall pay any remaining funds to the FTC.  Upon the Court's approval of the Receiver's final report, and the payment of any remaining funds to the FTC under this Section, the Receivership over PDMI shall be terminated.

## XI.    MONITORING COMPLIANCE OF SALES PERSONNEL

**IT IS FURTHER ORDERED** that, in connection with any business: (1) where a Stipulating Defendant is the majority owner of the business or directly or indirectly controls the business; and (2) where the business is engaged in, or is assisting others engaged in, the advertising, marketing, promotion, offering for

sale, sale, or provision of any product or service, such Stipulating Defendant, and the Stipulating Defendant's officers, agents, servants, employees, and attorneys, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, is hereby permanently restrained and enjoined from:

A.     Failing to take reasonable steps sufficient to monitor and ensure that all employees and independent contractors engaged in sales or other customer service functions comply with Sections I-IV of this Order.  These steps shall include adequate monitoring of sales presentations and other communications with consumers, and shall also include, at a minimum, the following: (1) listening to the oral representations made by persons engaged in customer service functions; (2) establishing a procedure for receiving and responding to consumer complaints; and (3) ascertaining the number and nature of consumer complaints regarding transactions in which each employee or independent contractor is involved;

B.     Failing promptly to investigate fully any consumer complaint received by any business to which this Section applies; and

C.     Failing to take adequate corrective action with respect to any employee or independent contractor whom such Defendant determines is not complying with this Order.  This corrective action may include training, disciplining, and/or terminating such employee or independent contractor.

## XII.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order and (ii) investigating the accuracy of any Stipulating Defendant's financial statement upon which the Commission's agreement to this Order is expressly premised:

A.     Within ten (10) days of receipt of written notice from a representative of the Commission, Stipulating Defendants each shall submit additional written

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN            17

reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Stipulating Defendant's possession or direct or indirect control to inspect the business operation;

B.      In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1.      obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69; and

2.      having its representatives pose as consumers and suppliers to Stipulating Defendants, their employees, or any other entity managed or controlled in whole or in part by any Stipulating Defendant, without the necessity of identification or prior notice; and

C.      Stipulating Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## XIII.   COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN          18

A.    For a period of three (3) years from the date of entry of this Order,

    1.    Defendant Fithian shall notify the Commission of the following:

        a.    Any changes in such Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

        b.    Any changes in such Defendant's employment status (including self-employment), and any change in such Defendant's ownership in any business entity within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

        c.    Any changes in such Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change;

    2.    Stipulating Defendants shall notify the Commission of any changes in structure of Corporate Defendant PDMI or any business entity that any Stipulating Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN          19

in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which a Stipulating Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of three (3) years, Stipulating Defendants each shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order.  This report shall include, but not be limited to:

      1.    For Defendant Fithian:

           a.    such Defendant's then-current residence address, mailing addresses, and telephone numbers;

           b.    such Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

           c.    Any other changes required to be reported under Subsection A of this Section.

      2.    For all Stipulating Defendants:

      a.     A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

      b.     Any other changes required to be reported under Subsection A of this Section.

C.     Each Stipulating Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D.     For the purposes of this Order, Stipulating Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier (not the U.S. Postal Service) all reports and notifications to the Commission that are required by this Order to:

> Associate Director for Enforcement
> Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, D.C. 20580
> Re: <u>FTC v. Advanced Management Services NW LLC, *et al.*</u>
> Matter No. X100033

*Provided* that, in lieu of overnight courier, Stipulating Defendants may send such reports or notifications by first-class mail, but only if Stipulating Defendants contemporaneously send an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E.     For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with each Stipulating Defendant.

## XIV.  RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, Stipulating Defendants for any business for which they, individually or collectively, are the majority owner or directly or indirectly control,

are hereby restrained and enjoined from failing to create and retain the following records:

A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.    Complaints and refund requests (whether received directly or indirectly, such as through a third party) and any responses to those complaints or requests;

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## XV.   DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, Stipulating Defendants shall deliver copies of the Order as directed below:

A.    Corporate Defendant: PDMI must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.    Individual Defendant as control person: For any business that Defendant William D. Fithian controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C.    Individual Defendant as employee or non-control person: For any business where Defendant William D. Fithian is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.    Stipulating Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XVI.    ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that each Stipulating Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XVII.    SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

## XVIII.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO STIPULATED AND AGREED:**

PLAINTIFF:

WILLARD K. TOM
General Counsel
ROBERT J. SCHROEDER
Regional Director

_____
MARY T. BENFIELD
MIRY KIM
Attorneys for Plaintiff
Federal Trade Commission

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN          24

DEFENDANTS:


_____
WILLIAM D. FITHIAN
3307 Huntington Drive
Colleyville, TX 76034
Tel.: 817-235-7505
Individually and as an
officer of PDM International, Inc.


RECEIVER:


_____
DENNIS L. ROOSSIEN, JR.
Munsch, Hardt, Kopf & Harr, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, TX 75201-6659
Tel.: 214-855-7535
Fax: 214-978-5353
Receiver for PDM International, Inc.


_____
JAMES MCGEE
Munsch, Hardt, Kopf & Harr, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, TX 75201-6659
Tel.: 214-855-7515
Fax: 214-978-5353
Attorney for Dennis L. Roossien, Jr., Receiver,
and Defendant PDM International, Inc.

STIP. PERMANENT INJUNCTION AS TO
PDMI AND WILLIAM D. FITHIAN          25

_____
JAMES SHAKER
Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Tel.: (206) 464-4224
Local Counsel for Dennis L. Roossien, Jr., Receiver
and Defendant PDM International, Inc.

SO ORDERED this 27th day of April, 2011.

**_s/Lonny R. Suko_**

_____
LONNY R. SUKO
United States District Judge